CHARLTON F. SMITH and others, plaintiffs in error, *vs.* The Executors of LOVETT B. SMITH, defendants in error.

A bequest in the following words, "also notes to the amount of sixteen hundred dollars on M. N. Killebrew, George W. Collier, security, for the purpose of purchasing a plantation for the use of Martha Smith, &c.," is not a specific legacy, and is not adeemed by the sale and transfer of the notes, by the testator in his life time.

In Equity, in Sumter Superior Court. Decision by Judge ALLEN, at March Term, 1857.

This was a bill filed by Seaborn Montgomery and Joseph A. S. Turner, executors of the last will and testament of Lovett B. Smith, deceased, asking the direction and aid of the Court in the execution of said last will and testament.

The bill alleges that the testator, after the making of said will, but before his death, transferred and negotiated the notes, bequeathed, in the 8th clause of his will, in trust to

purchase a plantation for the use of Martha Smith and her children, and left nothing in lieu thereof, except that portion of his estate not specifically devised and bequeathed.

The bill further alleges, that the negro girl Caty, bequeathed in the first clause of the will, to his widow, Mary Smith, during her life, was after the making of said will and before testator's death, sold or traded by him for another negro girl named Sally, and they ask the direction of the Court as to the proper and lawful execution of this clause of the will, and whether said legacy be adeemed, or the girl Sally be substituted and administered in lieu of Caty.

To this bill, defendants demurred. The Court overruled the demurrer, and counsel for defendants excepted.

LYON & IRWIN, for plaintiffs in error.

. McCAY & HAWKINS, for defendants in error.

*By the Court.*—McDONALD J., delivering the opinion.

This bill was filed by the executors of the last will and testament of Lovett B. Smith, deceased, setting out the will, and asking the direction of the Court, as to its execution. A general demurrer for the want of equity, was filed thereto. The executors invoked the instructions of the Court as to their duty under the will, in respect to two legacies, which they found some embarrassment in settling according to the letter of the will.

They were relieved of the difficulty in respect to one of them, by the adjustment of the parties after the filing of the bill. The other as presented in the record, arises from the testator's having disposed of, in his life time, certain notes to the amount of sixteen hundred dollars, bequeathed to the widow and children of his deceased son, Jackson L. Smith, for the purpose of purchasing a plantation. The clause of the will is as follows: "It is my will and pleasure that the children of my son Jackson L. Smith, deceased, be further

Smith et al. vs. Ex'rs of Smith.

provided for as follows, that after my death, Dr. Thomas C. Lamar have the negro Patsey," &c., and after naming the negroes, and directing how and when they shall be divided, he proceeds to say, "also, notes to the amount of sixteen hundred dollars on M. N. Killibrew, George W. Collier, security, for the purpose of purchasing a plantation for the use of Martha Smith, widow of Jackson L. Smith, deceased, and her children above mentioned. When the eldest child arrives at age, then the plantation to be sold and the proceeds to be equally divided with the said children, Robert H., &c., &c." In regard to this clause of the will, the executors, in their bill, allege that they are directed to purchase a plantation for the use of the said Martha Smith and her said children, from the proceeds of certain notes, then had and held by the said Lovett B. Smith, on the seventh day of January, eighteen hundred and fifty-one, amounting to the sum of sixteen hundred dollars, on M. N. Killibrew, and George W. Collier, security; that after the making of the said will, and before the death of the said Smith, he sold and transferred the said notes amounting to sixteen hundred dollars, and left nothing in their place and stead, unless the same be taken out of that portion of the estate of said Lovett B. Smith not specifically willed off, &c., &c. The Court below overruled the demurrer, and an exception to that decision is the whole of this case.

The position occupied by the plaintiff in error is, that according to the facts apparent on the face of the will, the testator bequeathed the notes of Killibrew, with George W. Collier as security, to the widow and children of his deceased son, and that the sale and transfer of them by the testator, in his lifetime, was an ademption of the legacy, and the duty of the executors was plain, and there is no necessity for instructions from the Court.

We think there is an error in assuming this to be a bequest of the notes and a specific legacy of the notes. "A specific legacy may be defined, "the bequest of a particular

thing or money specified and distinguished from all others of the same kind, as of a horse, a piece of plate, money in a purse, stock in the public funds, a security for money which would immediately vest with the assent of the executor." 1 *Roper on Leg.* 149.

Is this a bequest of the notes or a devise of land? The notes were to be used for the purchase of a plantation. The testator proceeds to direct how the plantation shall be disposed of. It is to be sold when the eldest child arrives at age. The testator did not consider the notes as the legacy. It is nothing more than a direction that a plantation worth sixteen hundred dollars should be purchased, and these notes, which he then had, were to be used in payment. Money directed to be employed in the purchase of land is to be considered land. *Wheldale vs. Partridge*, 5 *Vesey Jr.* 896. The case of *Hinton vs. Pike*, 1 *Peere Wms.* 139. decides that a legacy of £1500, to be laid out in land, shall be taken as land; but if a deficiency of assets, then not specific, but to contribute in proportion. A specific legacy is what *vests by the* assent of the executor. The Lord Chancellor said that " he agreed the £1500 legacy should be taken as land. The legatee of the £1500 cannot say he has the right to the £1500 in specie; indeed, if the money *in such a hand* were devised, this would be a specific legacy." Admiral Littleton devised to his godson, James Masters, second son of Sir Harcourt Masters, £500, part of the money owing to him by Sir Harcourt; the rest of the money owing to him by Sir Harcourt he gave to and amongst all the rest of the younger children of Sir Harcourt, &c. Sir Harcourt Masters, after the making of the will and at the request of the testator, paid him all he owed him, about £1000. The second son of Sir Harcourt Masters died in the testator's life time, but his other younger sons were then living. If the second son had survived the testator, it was held, that he would have been entitled to the £500, because it was a sum certain, notwithstanding the testator had collected the debt from which it was to be paid. *Rider vs. Wa-*

*ger*, 2 *Peere Wms.* 328.    In the case of *Saville vs. Blackett*, 1 *Peere Williams*, 779, the Lord Chancellor spoke of it as a settled principle, "that if a legacy was given to J. S. to be paid out of such a particular debt, and there should not appear to be such a debt, or the fund fail, still the legacy ought to be paid; and the failing of the *modus* appointed for payment should not defeat the legacy itself." "A gift to be laid out in land and settled, is a pecuniary legacy; the direction to apply it to a specific purpose not making the gift itself specific." *Ward on Legacies*, 29.

The intention of the testator was to put the children of his deceased son, Jackson L., on a footing of equality with his other children. He had given each of the others land. He intended that they should have a plantation, considering this provision for them as a devise of land, and not as a bequest of notes.   It is no more an ademption of the legacy that he sold and transferred the notes in his life time, than if he had directed sixteen hundred dollars in money to be laid out in land for them, and there had been no money in hand at his death.

It was not a specific bequest of the notes, because, if the executor had assented to the legacy, the children would not have been entitled to the notes in specie.   That was not the bequest.   They were given for a specific purpose.

But if the testator had stopped at the bequest of the notes, without declaring the purpose for which they were given, the legacy would not then have been specific.   The words are, " also, notes to the amount of sixteen hundred dollars on M. N. Killebrew, and George W. Collier, security." The notes are no otherwise identified than by the names of the parties. It does not appear how many notes, nor the amount that he held on these parties.   He does not give *all* the notes he held on them.   He does not specify the number of notes.   It is a bequest of a sum certain, sixteen hundred dollars, to be paid to the legatees, in notes on the persons named, for the purpose of purchasing land.   In whatever light we view it, the

legacy is not a specific legacy, and it is not therefore a deemed by the sale and transfer of the notes mentioned. The amount must be taken from the residuum and applied to the purchase of the land.

Judgment affirmed.