REED, guardian, *vs.* REED, executrix.

1. A will contained the following item : "I give to my son, Milton P. Reed, city lot No. 53, on Marietta street, also lot 72, known as the mill property, containing about twenty-two acres. The mill and five acres of this lot has been sold to Mr. Grantham. Milton will receive the proceeds of this sale:"

*Held,* that by this item the property or its proceeds were left to the son of the testator, and the mention of the name of the purchaser of a portion of it was merely incidental. Therefore, if the sale to him was rescinded, and a part of the property was sold to another purchaser, the legacy was not adeemed, but the proceeds of the second sale passed to the legatee.

2. A mere offer or proposal of a testator to appropriate money which would be covered by a legacy in his will to some other object, if never consummated, would not adeem the legacy.

Wills. Legacies. Before Judge HILLYER. Fulton Superior Court. October Term, 1881.

Reported in the decision.

MARSHALL J. CLARKE, for plaintiff in error.

T. P. WESTMORELAND, for defendant.

CRAWFORD, Justice.

John M. C. Reed died testate. The fourth item of his will is as follows :

"I give to my son, Milton P. Reed, city lot No. (53) fifty-three, on Marietta street, also lot (72), known as the mill property, containing about twenty-two acres. The mill and five acres of this lot has been sold to Mr. Grantham. Milton will receive the proceeds of this sale."

The record shows that before the death of testator the sale of the mill property to Grantham was canceled. The testator having to take the property back, he afterwards succeded in selling a part of it, to-wit, the engine and fixtures to one Cowen for one thousand dollars.

This bill was filed by the executrix asking direction of the court as to the disposition of the proceeds of this sale, setting up by her bill that the testator in his life-time intended and offered to use the same in the payment of his debts, and that since his death the same was claimed by the said Milton P. Reed, the legatee named in the fourth item of the said testator's will.

The judge below held and decreed that the proceeds of the last sale did not pass to the said legatee.

1. It is conceded by counsel for the defendant in error that by the foregoing item in testator's will he intended for this legatee to have the mill property or the proceeds of the sale to Grantham; but it is insisted that, by the cancellation of that trade and the subsequent sale of a part of the property to Cowen, and an offer by the testator to use the proceeds otherwise than provided for by his will, was an ademption of the legacy.

The clear intention of the testator was that his beneficiary was to have the mill property, or the proceeds of the sale, and that regardless of the fact as to whether the same were realized from Grantham or from another purchaser. The mentioning of the name of Grantham was incidental and immaterial to the bequest; whether inserted or omitted did not affect the rights of the legatee to the proceeds of the sale. Had the testator simply said, after giving the lot 72, known as the mill property, "five acres of this lot have been sold, and Milton will receive the proceeds of this sale," it would have conveyed to him just what was conveyed, no more and no less.

That the testator had to take back the property did not affect the legatee's right; for his bequest is of the lot known as the mill property, and the proceeds of that part which is sold. Nor did the fact that the testator afterwards could effect a sale for a part only of the mill property, change the rights of the legatee to that of the proceeds of the sale, any more than if the original sale had been rescinded precisely to the same extent.

It is to be remembered in this connection that complainant's bill shows that the engine and fixtures were a part of this mill property, used to run the machinery and embraced in the sale to Grantham.

The only difference between the condition of this legacy when the will was executed, and when the testator died, was that he had substituted the notes of Grantham with those of Cowen. That he did not have them for precisely the same amount does not change the legal principle. To the extent that he could substitute the one for the other he did so, and for the balance he had the identical property. Where a testator exchanges the property bequeathed for other of like character, the law deems the intention to substitute the one for the other, and the legacy will not fail. Code, §2464.

It is true that a legacy is adeemed when the testator conveys to another the specific property bequeathed, or otherwise places it out of the power of the executor to deliver over the legacy.

In this case there was such provision by the will as secured without fail either the property or the proceeds of the sale to the legatee.

There existed but one possible chance for its ademption, and that was the placing the property or the proceeds thereof out of the power of the executor to deliver the same. That contingency did not happen ; the property in part and proceeds in part are in the hands of the executrix; she can deliver both over, and it is her duty to do so.

2. It is, however, most earnestly maintained that not only this exchange of notes, but the offer of the testator to use those of Cowen in the payment of his debts is sufficient to establish the ademption of this legacy.

Thus to hold, would be to declare that any disposition proposed, or exchange of property suggested, or offer to sell, or intention to use in any other way property bequeathed, inconsistent with such bequest, would be equivalent to such absolute sale or other disposition thereof.

That the testator thought of or even proposed to pay a debt with Cowen's notes, would be no ademption of the legacy unless the thing had been done ; no more indeed than a failure to sell the remainder of the mill property, unbought by Cowen, would have defeated the bequest by an offer to sell the same to any one else.

Nor is this view of the law at all inconsistent with the ruling in the case of *Rogers vs. French*, 19 *Ga.*, 316. In that case the question was whether an advance to a legatee by the testator in his life time, and after the making of his will, was an ademption of the legacy given by the will. The court held that it was a question of intention which might be deduced not only from the face of the will, but might be destroyed or confirmed by parol evidence. Whilst we admit that questions of advancement are questions of intention, and parol testimony will be heard to ascertain intention in such cases, yet we do not think that mere declarations of a testator will be heard to revoke a legacy, or set aside a will where no such question arises.

Judgment reversed.