(a) The sayings of an agent after the termination of his agency in relation to the business of his principal are hearsay and inadmissible.

7.   Where a bill stated the complainant's cause of action in general, but comprehensive terms, and made a complete case for the relief prayed, and the answer traversed these allegations by vague and unsatisfactory statements, it was competent for the complainant to reply thereto by evidence.

(a) It was pertinent to show that the defendant's agents had such notice of the possession and improvement of the premises in dispute and of the transaction leading thereto as would estop the *cestui que* trust, and that they were guilty both of negligence and of fraud resulting in injury to the complainant.   The wilful concealment of material facts, although they were unknown to the principal and known only to the agent, or misrepresentations made by the latter in the business of his agency will bind the former, as also will the neglect and fraud of the agent; and notice to the agent in any matter connected with his agency is notice to the principal.   Code, §§2199, 2201, 2000.

Judgment affirmed.

C. J. Thornton, for plaintiffs in error.

T. W. Grimes; L. F. Garrard, for defendant.

---

*Decisions Rendered Tuesday, January 12, 1886.*

---

HUTCHISON *et al. vs.* FULLER *et al.*

EQUITY, FROM RICHMOND.   Wills, Legacies.   (Before Judge Roney.)

Jackson, C. J.—In the tenth item of a will the testator provided as follows : "I bequeath unto Dr. Thomas B. Hutchison, of the county of Oglethorpe, in trust, the sum of eighteen thousand dollars, first to be taken out of the proceeds of the sale of realty," etc., and then followed the *cestuis que* trust, etc.   In another item he provided that "the other third of said eighteen thousand dollars, or bonds and securities into which it may be invested, I bequeath," etc.

Held, that the legacy in the tenth item was not a specific legacy of property, but a legacy of an amount of money which was to be raised in the first place from the proceeds of the sale of realty ; and if that were insufficient, then from the residumn—the balance of the estate except specific legacies.   Reese Exrs, 256; 2 Wms. Exrs., 995 note, 1,000, 1132; 2 Bouvier, "Legacy"; 1 Roper Leg., 1534; 11 A m

Dec, 458, 469 (7 Johns. Ch., 258) ; 1 P. Wms. 777 ; 4 Ves., 751 ; 1 ˙Dessaus. (S. C. Chan.), 202 ; 16 N. Y., 365 ; 25 Id., 128 ; 63 Penn., St., 312, 316 ; 47 Ala., 554 ; 56 Md , 222, 2 Lead. Cas. in Eq., 479.

Judgment affirmed.

John C. Reed, for plaintiffs in error.

Harper & Bro. ; Foster & Lamar ; Frank H. Miller, for defendants·

---

Jackson. *vs.* Lewis.

CERTIORARI, FROM WASHINGTON.   Constitution Law.   Appeal.   Justices and Justice
Courts.   (Before Judge Carswell.)

Jackson, C. J.—By the Constitution of 1877 and the acts passed in pursuance thereof, there may be an appeal from the decision of a justice in a justice's court to a jury therein in all cases within the jurisdiction of the court, to-wit, one hundred dollars.   Code, §5153, 4157,(a),(b), Acts 1882-3, p. 95; 69 Ga., 843; 70 Id., 523, 726.

(a) Semble that, under the Constitution of 1877, the appeal lay as well on the law as on the facts; but it is unnecessary to decide that point in this case, there being issues of fact on this appeal, to-wit, the plea of the general issue, as well as the plea in abatement, involving,. on the former especially, facts as well as law.

Judgment reversed.

J. A. Robson, by Harrison & Peeples, for plaintiff in error.

No appearance for defendant.

---

BRANCH *vs.* PLANTERS' LOAN AND SAVINGS BANK.

TROVER, FROM CITY COURT OF RICHMOND COUNTY.   Practice in Superior Court.
Trover.   Judgments. (Before Judge Eve.)

Jackson, C. J.—1.  Where a case was submitted to the presiding Judge without a jury, on an agreed statement of facts in writing, there was no error, after the facts had been agreed upon, in refusing to open the agreement on motion and insert new and important facts therein. There was certainly no abuse of discretion, as a matter of practice, in so doing.   Code §408.

2. Where one in possession of personalty, but without title thereto, sold the property and received the proceeds for his own use, this was a conversation, and a demand and refusal to deliver was not necessary