GREENE *v.* FOSTER, executor, *et al.*

No. 9630. FEBRUARY 13, 1934. REHEARING DENIED MARCH 1, 1934.

*E. H. George,* for plaintiff in error. *Foster & Lewis,* contra.

ATKINSON, J.   Mrs. M. E. Foster died on May 14, 1930.   She left a will executed July 25, 1927, and a codicil executed on March 14, 1930.   The suit arises from the construction of the will and codicil.   The items of the will, except such as are not here material, are as follows:

"Item 3.   I give, devise, and bequeath to my husband fifty dollars, also the notes I hold against him, one bed-room suit of furniture, one mattress, one feather-bed, 2 rockers, and chifforrobe which is now at my daughter Daisy Foster Greene.

"Item 4.   To Pauline Foster Ballard I give one parlor suit of furniture, 2 portraits, one of Mrs. Mary W. Dandrie, and one of her husband Mark L. Strand.   Also one easel with my mother, Mrs. Polly Nunnally's picture on it, and other small things.   This she already has in her possession, valued at one hundred and forty dollars.

"Item 5.   I give to Daisy Greene one mahogany dining-room suit consisting of one large dining-room table, one serving table, one china cabinet and six chairs, and other small things to be part of her legacy, valued at one hundred and forty dollars, which she has in her possession.

"Item 6.   To Bessie Jackson one mahogany bed-room suit consisting of one bedstead, 1 dresser, and wash-stand, also one feather-bed, one mattress, 4 pillows, and other things to be part of her legacy, valued at one hundred and forty dollars, which she has in her possession.

"Item 7.   To my daughter Martha Elizabeth Foster I give my hand-painted china, one silk quilt, half dozen silver knives and forks that are like the ones she already has, also 5 large hemstitched napkins, all valued at one hundred and forty dollars—the whole amount agreed with the other daughters.

"Item 8.   To my two boys, equal with what I have given to my daughters, I will to them one hundred and forty dollars each—W. M. Foster and W. N. Foster—before there is any distribution of the estate.   This is to be paid to my two sons.

"Item 9.   It is my will and desire that my executors sell my two houses and lots in Lithonia, Ga., either by private sale or pub-

lic outcry, and the proceeds to be divided equally between the six children to wit, W. N. Foster, W. M. Foster, Pauline Foster Ballard, Bessie Jackson, Daisy Foster Greene, and Miss Martha Elizabeth Foster; and the farm of 338 acres more or less is a matter that I can but direct. Left me by my father in trust for my children, that the children sell or divide as they may see best, and each of said children to be given the sixth thereof as by said deed from my father direct to me.

"Item 10. It is my will and desire that whatever money I may have in banks or have invested be equally divided between my six children, and any notes I may have against any of my children or any advance that I have made to either of my children be charged to against their interest in my estate as an advancement without interest upon said notes or advancements. I appoint my son, W. N. Foster, and my daughter, Pauline Foster Ballard, as my executors. My last will and wish is that everything be settled quietly and orderly, no lawyers to be called in to settle any disturbance that may arise."

In the codicil the testatrix said: "I . . give to my daughter, Mrs. Daisy Greene, one thousand dollars in addition to what I have already willed her."

Mrs. Daisy Greene sued the executors for payment of the $1000 left in the codicil, and the issue was whether this bequest was a special or a general legacy, and whether the bequests left in items 9 and 10 were special or general legacies. The bequests in items 9 and 10 are special legacies, and the bequest left in the codicil is a general legacy. So also are the bequests in item 3 and in item 8, to each of the sons, general legacies. A special legacy is one which operates upon property specifically designated. Civil Code, § 3902. While the court must seek diligently for the intention of the testator, nevertheless: "If the clause as it stands may have effect, it shall be so construed, however well satisfied the court may be of a different testamentary intention." Civil Code, § 3900. In the case of *Hart* v. *Brown,* 145 *Ga.* 140 (88 S. E. 670), a testator made a bequest as follows: "To my said grandchildren above named I give and bequeath the interest on the following amounts of cash money now on deposit, as follows: three (3000) thousand dollars with I. C. Plant's Son, and two (2000) thousand at Exchange Bank, both at Macon, Ga., as shown by the deposit book issued to me by said

banks." By further provisions in the will the testator provided for the division of this money left in the banks before named. It was held that the pecuniary legacies to the grandchildren of the testator were specific legacies. The case of *Smith* v. *Smith,* 23 *Ga.* 21, differs from *Hart* v. *Brown,* because in *Smith* v. *Smith* the bequest disposed of notes to the amount of $1600 on M. N. Killebrew, George W. Collier, security, for the purpose of purchasing a plantation for the use of Martha Smith, etc.; but, as this court said: "The words are 'also notes to the amount of sixteen hundred dollars on M. N. Killebrew, and George W. Collier, security.' The notes are not otherwise identified than by the names of the parties. It does not appear how many notes, nor the amount, that he held on these parties. He does not give *all* the notes he held on them. He does not specify the number of notes. It is a bequest of a sum certain, sixteen hundred dollars, for the purpose of purchasing land. In whatever light we view it, the legacy is not a specific legacy." This court, in *Hart* v. *Brown,* referred to *Smith* v. *Smith,* supra, and recognized the distinction. In *Clayton* v. *Akin,* 38 *Ga.* 320 (95 Am. D. 393), it was held: "A money legacy left to the executor of a will, though expressed to be 'in addition to the usual commissions obtained by law, and as a full compensation for any extra trouble he may have in executing the will,' is a general legacy, and can not, as a legacy, be exempted from abatement with other general legacies, in case of a deficiency of assets." In the instant case, item 9 operates on the two houses and lots in Lithonia, Georgia, owned by the testatrix. Item 10 specifies certain money and investments, being *all* the money and investments of the testatrix; and therefore said bequest disposed of a special legacy. Item 10 applied to and operated upon specific money and specific property. *Hart* v. *Brown,* supra. There is no inhibition against giving a special legacy to several people, or in making a special legacy to all of the children of the testatrix. The only question is whether the legacy operates on specific property. The bequest made in the codicil gives $1000 in money, and therefore can only be held a general legacy. The trial judge, to whom the case was submitted by agreement without a jury, correctly construed and applied the will and codicil.

*Judgment affirmed. All the Justices concur, except Bell, J., who dissents.*