HENDERSON *et al. v.* FIRST NATIONAL BANK
OF ROME, executor, *et al.*

No. 12968. NOVEMBER 14, 1939.

*Leon Covington* and *Wright & Willingham,* for plaintiffs in error.
*Matthews, Owens & Maddox* and *Maddox & Griffin,* contra.

REID, Chief Justice. We are called upon to construe item 10 of the will of Edward Gunter Peters, in a review of rulings made thereon by the trial judge. The executor of the will had applied for direction, and had sought a construction to determine whether Henry G. Stoffregen, under the provisions of this item of the will, was a general residuary legatee only, or whether in addition to the residuum he took a specific devise of property therein particularly described. The judge directed the jury to find, in addition to other matters not here complained of, that the real estate described in that particular item of the will passed to the legatee as a specific devise, and subsequently overruled a motion for new trial made by parties who were adversely affected by this holding. These complaining parties took under the will by virtue of general legacies; and because of insufficiency of assets to pay all of the debts, expenses of administration, and specific devise, an abatement of legacies is necessary. Thus, if the legacy here involved should be held a general legacy, it would accordingly abate with the others of the same class in the first instance; whereas, if it be a specific legacy, there would be no abatement as to it under the facts shown in the record. The item of the will involved reads as follows: "I give, devise, and bequeath to my uncle Henry Gustav Stoffregen the remainder of my estate of every kind and description, especially all my rights in and to the Woolworth Store and the alley adjoining as evidenced in deeds recorded in Book L (S), page 637, Book M, page 189, Book S, page 333, Book S, page 350, and the deed from Mrs. Hannah Jonas to my mother Mrs. Louisa Peters." The testator executed his will on July 30, 1930. In the first several items of the will there were bequests to various relatives and friends—some in trust and some in fee simple, some of articles of personal property, one specific devise of real estate in item 8, and some bequests of designated stocks and securities. Then, following item 10 already quoted, item 11 was described as "explanatory and supplementary," and provided in part as follows: "In the event of the death of any legatee, the legacy shall revert to the residuary estate. . . In case I shall have sold any of the

property named as a specific bequest in this entire will, eighty per cent. of the sale price, plus three per cent. per annum, simple interest from the date of sale, shall be paid in lieu of such bequest out of the residuary estate." In this item the executor was appointed. On August 15, 1932, a codicil to the will was executed, from which, for purposes of questions made in the present record, we quote as follows: "My residuary legatee, my Uncle Henry Gustav Stoffregen, shall have sole charge of all my personal papers, and shall not file any inventory of personal property, but shall himself prepare and deliver within 90 days after my death bequests under articles IV and V of will executed July 30, 1930, and his execution of this clause shall be unquestioned." In this codicil were some other provisions which merely substituted certain securities for those previously dealt with in the will. On January 18, 1934, another codcil was executed, but dealt only with substitution and rearrangement of securities previously bequeathed. On February 13, 1934, still another codicil was executed, making similar adjustments not deemed important for the purposes at hand.

Those dissatisfied with the judgment of the lower court contend that the property specifically designated and described in item 10 of the will does not pass as a specific devise by virtue of its particular designation, but that, although specifically pointed out and described with particularity, it is merely a part of the general residuum going to this particular legatee, since the language so describing it is found in context with and as a part of the same sentence providing for a residuary estate. This item, as contended by counsel, undoubtedly constitutes Henry G. Stoffregen the residuary legatee under the will. The question for decision is, did it do more than that? Did it, in addition to providing that he should receive whatever was left over in the estate after the payment of debts, costs of administration, and other legacies, also provide a specific devise to him of the particular property so described and pointed out in this item? Since it would be freely admitted that there was a sufficient description and designation of the property to permit its segregation from all other property and its separate delivery to the legatees, we think the question may be approached upon the basis of whether its inclusion in this residuary clause is sufficient to characterize it as a general legacy. Is it such

an "enumeration" as is sometimes used in such residuary clauses for the purpose of particularizing and illustrating what, in contemplaton of the testator, would fall into this classification; or did the testator by so designating it intend that the legatee should receive this property at all events, and in addition to it whatever else might be left for the residuum? Our Code divides legacies into two classes, general and specific, and recognizes demonstrative and residuary legacies. "A specific legacy is a gift by will of property which is particularly designated. . . A general legacy or devise is one which does not direct the delivery of any particular property; it is not limited to any particular asset, and may be satisfied out of any property of the same general character belonging to the estate of the testator, and not otherwise disposed of in the will. . . A residuary legacy is a general legacy into which fall all the assets of the estate after the satisfaction of all other legacies and the payment of all debts of the estate and all costs of administration." Redfearn on Wills and Administration (rev. ed.), 234, § 144. "Legacies may be either general or specific. A specific legacy is one which operates on property particularly designated. A gift of money to be paid from a specified fund is nevertheless a general legacy." Code, § 113-808.

Running somewhat as a current through all of the text writings on the subject, and from the early cases, the definitions of a specific bequest or devise have been quite uniform and have given as its particular characteristic that it gives or devises to the named legatee a particular article or item of property owned by the testator or in some instances to be acquired by him, which is identified and distinguished from all others of the same nature, and which, as stated, may be segregated from the mass of the testator's other property or estate. See 28 R. C. L. § 263, and cit.; 69 C. J. 919, § 2085; Jarman on Wills (6th ed.), 938. "If the specified things are so enumerated as to distinguish them from the residue, the gift is specific." 69 C. J. 937. "Where such was the intention of the testator a gift of all his personal property including enumerated particular and excluding property otherwise bequeathed is a specific legacy." 69 C. J. 937. Other rules, of course, must be kept in mind; for in determining whether a particular bequest is general or special, resort must be had, not alone to the particular item creating it, but to the will as a whole, in order to ascertain the intention

of the testator, which, if it may be there discovered, must control. See 28 R. C. L. § 263; Code, § 113-806; *Owens* v. *Citizens & Southern National Bank,* 177 *Ga.* 289 (170 S. E. 196); *Shoup* v. *Williams,* 148 *Ga.* 747 (98 S. E. 348). In determining the question now under consideration, another principle found in the early English rules has been consistently adhered to and approved by our own courts, to the effect that in cases of real doubt as to the nature of the bequest, whether general or special, if the intention of the testator in respect thereto can not be clearly ascertained from the will, the law will declare it general and not special. *Morton* v. *Murrell,* 68 *Ga.* 141; Redfearn on Wills and Administration (rev. ed.), § 144; Kenaday *v.* Sinnott, 179 U. S. 606 (21 Sup. Ct. 233, 45 L. ed. 339); 6 A. L. R., 1360. This court has had many occasions to pass upon the question whether a particular bequest was general or special in its nature, and has in those instances pronounced the differences in their characteristics. Yet we have found no instance where, as in the present case, the particular designation of property was made in the residuary clause of the will. Some of the cases where these general questions have been considered are: *Graybill* v. *Warren,* 4 *Ga.* 528, where the common-law rule was stated, that all devises of land were specific, in the absence of a plain and contrary intent; *Lang* v. *Vaughn,* 137 *Ga.* 671 (74 S. E. 270, 40 L. R. A. (N. S.) 542, Ann. Cas. 1913B, 52), dealing with the ademption of legacies in certain circumstances; *Hutchinson* v. *Fuller,* 75 *Ga.* 88; *Morton* v. *Murrell,* supra; *Thompson* v. *Stephens,* 138 *Ga.* 205 (75 S. E. 136); *Hart* v. *Brown,* 145 *Ga.* 140 (88 S. E. 670), where the contest was whether the legacy was specific or demonstrative, and where it was held that as to particular moneys "now on deposit," in particular bequests, the same was specific; *Green* v. *Foster,* 178 *Ga.* 319 (173 S. E. 91), where Justice Atkinson discussed a number of cases on the subject.

While the particular question does not seem to have been often dealt with in other jurisdictions, we do find what seems to be a reliable rule stated in 11 Ann. Cases, 765, in the note to Matter of Estate of Painter, 150 Cal. 498 (89 Pac. 98). The rule there stated is in substance that where particular property is designated in a residuary clause, if it be a mere enumeration of those articles or items of property which would characterize the residuary estate, the legacy will be regarded as general; but the gift will be held to

be a specific one where the property is so enumerated as to distinguish it from the residue, as by the use of such words as "together with," "as well as," "and also," and the like, notwithstanding this particular designation may be found in the same clause which creates the residuary estate. It was said in the Painter case: "The testator's intent is to be determined in each case from a consideration of the particular language employed. A bequest or devise of the residue of an estate is general, because such residue is not ascertainable at the time the will is made. The fact that in giving such residue the testator describes, as included in it or forming a part of it, certain specific property owned by him, does not alter the character of the residuary gift. But where the language used indicates an intention to make two distinct gifts—one of specific property and the other of the residue, the specific legacy or devise is not rendered general by the fact that there is a gift of the residue to the same person. We think the language of this codicil brings it within the principle of the cases last cited. The testator indicated, as plainly as language could do so, his intention to give to his wife and his sons the particular parcels of real estate described in the codicil. That he added to this gift the words 'together with all real estate I may hereafter accumulate,' etc., did not make the preceding enumeration a mere part of the residuary gift. On the face of the will and the codicil alone, the court below rightly construed the devises of the real estate described in the codicil as specific." In the same annotation we find reference to the English cases, from which we take the following: "In England, as in other jurisdictions, the question whether the enumeration of property in the residuary clause will make the devise or legacy specific is determined by ascertaining the intention of the testator. Bethune v. Kennedy, 1 Myl. & C. 114. And it has been held in this jurisdiction that where it appears from the will that it was the intent of the testator to make a specific bequest or devise of the property enumerated in the residuary clause, the courts will so construe the clause. Mills v. Brown, 21 Beav. 1; Hill v. Hill, 11 Jur. N. S. 806; Bethune v. Kennedy, 1 Myl. & C. 114; Clarke v. Butler, 1 Meriv. 304; Nisbett v. Murray, 5 Ves. Jr. 149; Langdale v. Esmonde, Ir. R. 4 Eq. 576. In Clarke v. Butler, 1 Meriv. 304, it appeared that the devise under consideration by the court read as follows: 'And as to all that my leasehold house in London,

and all my household goods and furniture there and at Sawbridge, and as to all my plate, linen, chinaware, pictures, live and dead stock, and all the rest and residue of my goods, chattels, and personal estate, whatsoever and wheresoever, not hereinbefore by me disposed of.' The court held that the bequest comprised two distinct sentences, and that it was clearly the intention of the testator to give specifically his leasehold house and furniture."

To illustrate the operation of this rule of construction, which of course is subject to the prime requirement to be found everywhere —the ascertainment of the intention of the testator, and to illustrate the language in contrast which would make the legacy general rather than specific, it appears that in the case of Walker's Estate, 3 Rawle (Penn.), 229, the testator bequeathed to the legatee "all his household goods and furniture, moneys, bonds, mortgages, outstanding debts due and owing to him, and all his personal estate, of what kind or nature soever." The court said: "He first enumerates the particulars of which his personal property consists, and then closes the sentence with a sweeping disposition of all his personal estate. It is as strong, but not more so, as if he had said, I give all my personal estate of what kind or nature soever, to Elizabeth Y. Walker. The enumeration of particulars does not affect the generality of the bequest." We believe the rule hereinabove stated to be sound, and we reach the conclusion that in holding that the particular property described in item 10 of the will was a specific devise, the judge ruled correctly. If the testator, after making other particular bequests, had intended merely to constitute his uncle as his general residuary legatee, there was certainly no need to make mention of this particular property. It would have passed to him (subject to abatement if the necessity should arise) without this particular designation. When he used the word "especially," and then described this property and with careful particularity identified it by reference to the deed under which it was held and to the record of this deed, we think the testator manifestly and clearly intended that this named legatee should receive from his estate this particular property. The fact that he also made him his residuary legatee, thus assuring that he would take in addition any residuum from property not otherwise devised, does not seem to us in any way to operate against this conclusion. It can not be doubted that if in a separate item this

property had been devised with the same particularity of description, it would have been a specific devise, and not a general legacy. It certainly may be segregated from the general mass of other property, and the legacy could be satisfied by delivery of the described property, and by that alone. It is our view that the intention of the testator is gratified by such a construction. The judgment of the lower court is accordingly

*Affirmed. All the Justices concur, except Duckworth, J., who dissents.*