### 24461. MATTHEWS et al. v. LOFTIN, Executrix.

ARGUED JANUARY 8, 1968—DECIDED FEBRUARY 12, 1968.

*Sanders, Mottola & Haugen, Gus L. Wood,* for appellants.
*Mathews & Knight, Byron H. Mathews, Jr.,* for appellee.

GRICE, Justice. Construction of a will so that certain property was not devised by it, but passed by inheritance, is the ruling complained of here. This ruling was made in an action filed in the Superior Court of Coweta County by Mrs. Gladys Matthews and Miss Martha Ann Merck against Mrs. Mildred Merck Loftin, as executrix of the will of Mrs. Jennie O. Merck.

The plaintiffs alleged that there is an actual controversy between them and the defendant executrix as to the proper distribution of certain real property involved in the estate, and they sought a judgment resolving the controversy. They contend that the property is included in Item 5 of the will and was devised to them as remaindermen, while the defendant executrix takes the position that it is not included in the will and thus descended to the heirs at law of the testatrix. The issue is whether the phrase "the house and land at 70 Clark Street, Newnan, Georgia," includes adjacent vacant land.

The appeal is from the judgment upholding the position of the defendant executrix.

The case, by consent of the parties, was heard by the trial judge upon an agreed stipulation of facts, without the intervention of a jury. These facts, insofar as necessary to recite here, follow.

The will of the testatrix was dated February 12, 1952. She died on January 20, 1958.

Item 4 recites: "I give, bequeath and devise to my daughter . . . [the defendant executrix] the house and lot at 65 Temple Avenue, in the City of Newnan. . ."

Item 5 states: "I give, bequeath and devise to my son, Charles Olmstead Merck, the house and land at 70 Clark Street, Newnan,

Georgia . . . for and during his natural life, and at his death, same is to go to . . . [the plaintiffs]."

Item 6 devises to the testatrix's granddaughter Jean Olmstead Cobb "the house and lot located at 69 Temple Avenue, owned by me, in the City of Newnan, Georgia."

The will did not contain a residuary clause.

The testatrix, at the time of the execution of her will and at the time of its probate, owned a tract of land in the City of Newnan, upon which were located three houses, designated by the city as 70 Clark Street, 65 Temple Avenue, and 69 Temple Avenue, located as shown on a plat, copy of which is attached to the stipulation. This plat shows an undivided tract of land bounded on three sides by streets and on the fourth side by other land. Three houses, one fronting on Clark Street and two on Temple Avenue, are shown. No boundaries are shown within the tract.

After the death of the testatrix, the defendant executrix had the county surveyor survey the above property and on the basis of fences, irons and other physical evidence determine the boundaries of the properties devised. On July 22, 1958, he made such a plat of the property, copy of which is also attached to the stipulation. This plat shows the tract divided into five lots, two fronting on Clark Street and three on Temple Avenue. Vacant land on Clark Street adjacent to 70 Clark Street is designated as "Lot 5," and vacant land on Temple Avenue between 65 and 69 Temple Avenue is designated "Lot 2." ("Lot 2" is not involved in this litigation.) The "physical evidence" relied upon by the surveyor in making this plat is not disclosed on the plat itself, or elsewhere in the record.

On the basis of this plat the defendant executrix assented to the devises of 70 Clark Street, 65 Temple Avenue and 69 Temple Avenue, but treated the portions designated on the plat as Lots 2 and 5 as passing to the heirs at law of the testatrix rather than under the will.

The testatrix was survived by two children, the defendant executrix and Charles Olmstead Merck, father of the plaintiffs. On August 15, 1958, the latter by quitclaim deed conveyed all of his right, title, interest and equity in Lots 2 and 5 as shown on the

surveyor's plat, and in other property, to his sister, the defendant executrix. She, individually, thus acquired the right, title and interest that passed to him in Lot 5.

On February 14, 1965, Charles Olmstead Merck died, while the plaintiffs Mrs. Gladys Olmstead Matthews and Miss Martha Ann Merck were in life. The defendant executrix now claims title to Lot 5 adversely to the plaintiffs, and refuses to assent to its devise.

Also attached to the stipulation are copies of the following documents: 1957 state and county property tax return filed by the testatrix; security deeds executed by her on June 14, 1956, and June 25, 1957, to named banks; the quitclaim deed from the plaintiffs' father to the defendant executrix.

From the foregoing facts we are to determine what the testatrix intended by the words "house and land at 70 Clark Street."

In doing so we are guided by established rules of construction. One is that the intent of a will is ascertained "by looking to 'Its four corners' and giving consideration to all of its parts." *Lewis v. Mitchell,* 216 Ga. 526 (3) (117 SE2d 901). Another is that "The circumstances surrounding the execution of a will must be considered in determining" such intention. *Miller v. Brown,* 215 Ga. 148, 151 (109 SE2d 741).

An examination of this will in its entirety, in the light of the circumstances surrounding it, requires, in our view, the conclusion that the testatrix intended in Item 5 to devise with 70 Clark Street the adjacent land later designated on the surveyor's plat as "Lot 5."

No facts are available to explain what the testatrix had in mind as to the boundaries of the properties she devised. However, the language which she used is of the utmost significance in ascertaining her intent in this matter. In Item 4 she devised "the house and *lot* at 65 Temple Avenue" to the defendant executrix. In Item 6 she devised "the house and *lot* located at 69 Temple Avenue" to her granddaughter. On the other hand, in Item 5 she devised "the house and *land* at 70 Clark Street" to her son for life, with remainder to the plaintiffs. This singular reference to "land" is persuasive that the testatrix intended to devise not only the portion of the land used in connection with the dwelling but all of her land fronting upon Clark Street.

We do not agree with the appellee that a contrary conclusion is required because of certain documents, to wit: a 1956 security deed conveying the entire tract, a 1957 security deed describing "70 Clark Street" without including the adjacent property, a 1957 property tax return of the testatrix listing "70 Clark Street including adjoining lot," and a 1958 quitclaim deed by Charles Olmstead Merck to the defendant executrix, conveying all of his right, title, interest and equity in Lots 2 and 5 as shown on the surveyor's plat, as well as other property not connected with the will. None of these post-testamentary actions overcomes the use by the testatrix in 1952 of the word "land," instead of "lot," in Item 5 devising this property.

Any remaining doubt should be dispelled by another rule of testamentary construction: "Intestacies are not favored in construing wills. If the terms of a will are such as to permit two constructions, one of which results in intestacy and the other of which leads to a valid testamentary disposition, the construction is preferred which will prevent intestacy. The natural and reasonable presumption is that the testator, in executing his will, intends to dispose of his whole estate and not to die intestate as to any part of it, which presumption is overcome only where the intention to do otherwise is plain and unambiguous, or is necessarily implied." 1 Redfearn, Wills and Administration in Georgia 353-354 (3rd Ed. 1965). See also, *Armstrong v. Merts*, 202 Ga. 483 (43 SE2d 512). Certainly it cannot be said that the contrary intention—that the "house and land at 70 Clark Street" *not* include the adjacent property—is "plain and unambiguous or necessarily implied."

For the reasons stated above, the judgment of the trial court is reversed with direction that the appellee, as executrix of the last will and testament of Mrs. Jennie O. Merck, assent to the devise of the property in question, identified as Lot 5 on Exhibit C of the stipulation of the parties, to the appellants as remaindermen under Item 5 of the will.

*Judgment reversed with direction. All the Justices concur.*