25770.   THOMPSON et al. v. MATHEWS et al.

ARGUED APRIL 14, 1970—DECIDED MAY 7, 1970.

*Darby & Calhoun, William T. Darby, Sr., Paul W. Calhoun, Jr.,* for appellants.

*B. P. Jackson, Jr., Harold E. Ward, W. W. Larsen, Jr.,* for appellees.

MOBLEY, Presiding Justice.   Mrs. Lois S. Mathews and Mrs. Inez S. McGregor, executrices of Miss Chesley Bostwick Sharpe, brought a declaratory judgment action for the construction of the will of Miss Sharpe, naming as defendants James Wilson Thompson and Robert Parker Thompson, and their children; and Estelle Still Thompson, and her children.   The appeal by James Wilson Thompson and Robert Parker Thompson, and their children, is from the final order construing the will.

The will of Miss Sharpe gave a life estate to the plaintiffs, her sisters, in all of her real estate.   Item 6 is as follows: "Upon the death of both of my sisters, Inez S. McGregor and Lois S. Mathews, then I desire and direct that my interest in the home place or McLemore Lands, shall go share and share alike to my two cousins, James Wilson Thompson and Robert Parker Thompson, and in the event of the death of either of said parties, then their undivided one-half interest shall go to their children share and share alike in fee simple."   Item 7 is as follows: "Upon the death of both of my sisters, I desire and direct that my interest in the Buckhorn or Sharpe Lands located near

Sharpespur shall go to Estelle Still Thompson of Reidsville, Georgia, and in the event she should predecease my sisters in life, then my interest in such property herein described shall go to her children."

The will was executed in 1956. At that time Miss Sharpe was the joint owner in common with her two sisters of three farms, referred to as the home place or McLemore Lands, containing about 636 acres, the Buckhorn or Sharpe Lands, containing about 434 acres, the Coursey Lands, containing about 600 acres, and property in Lyons and Vidalia, Georgia. In her will she did not refer to the Coursey Lands, or the property in Lyons and Vidalia (later conveyed to her sisters by deed).

In February, 1961, the three sisters made a division of three parcels of their joint property by an exchange of deeds, by which Mrs. McGregor acquired the entire interest in the Buckhorn or Sharpe Lands, Mrs. Mathews acquired the entire interest in the Coursey Lands, and Miss Sharpe acquired the entire interest in the home place or McLemore Lands. Each of these deeds recited a consideration of five dollars. Miss Sharpe died in January, 1962, without making a codicil or a new will.

The trial judge held that the testatrix exchanged the Buckhorn or Sharpe Lands for other of like character, and that a substitution occurred under *Code* § 113-818 as to the remainder estate devised to Estelle Still Thompson in Item 7. He further held that the words "my interest in the home place or McLemore Lands" in Item 6, wherein a remainder estate in this property was devised to James Wilson Thompson and Robert Parker Thompson, was intended by the testatrix to mean the one-third interest she had at the time the will was executed, and did not include the other two-thirds interest later acquired by her by the deeds of her sisters. He held that there was an intestacy as to the remaining one-third remainder interest in the home place or McLemore Lands, and that her two sisters, the plaintiffs, as her only heirs at law, would inherit this one-third remainder interest. All of these rulings are enumerated as error by the appellants, together with findings of the judge incidental to these rulings.

■ The first question for decision is whether the testatrix

exchanged the property devised to Estelle Still Thompson for other of "like character" so that the law would deem her intention to be to substitute the one for the other. *Code* § 113-817 provides in part: "A legacy is adeemed or destroyed, . . . when the testator conveys to another the specific property bequeathed, and does not afterward become possessed of the same, . . ." *Code* § 113-818 provides: "If the testator exchanges the property bequeathed for other of the like character, or merely changes the investment of a fund bequeathed, the law deems the intention to be to substitute the one for the other, and the legacy shall not fail."

The only evidence in the case was given by one of the plaintiffs, Mrs. Inez S. McGregor. She testified as follows: "That she and her two sisters got together and made the three deeds to the three tracts of land in question. That they had been thinking about it for a good long while and each felt like they should receive the whole title to the tract their favorite relative previously owned and the execution and delivery of the deeds was based upon sentimental reasons only and really resulted from each being a pet of the former owner of the land they were to receive. That there was no cash consideration passed and each got what they wanted and each were completely satisfied with the deeds to the land they received."

In *Woodall v. First Nat. Bank*, 223 Ga. 688, 695 (157 SE2d 261), in interpreting *Code* § 113-818, this court stated: "Exchange is the giving of one thing for another; a transfer of property for property or some value other than money (15A Words & Phrases 131); 'the act of giving or taking one thing in return for another as an equivalent.' Webster, Third New International Dictionary, p. 792.'" The evidence in the present case presents a clear example of an exchange of property. The testatrix exchanged her one-third interest in the Buckhorn or Sharpe Lands for a one-third interest in the home place or McLemore Lands, and her one-third interest in the Coursey Lands for another one-third interest in the McLemore Lands. The evidence indicates that no consideration was received by the testatrix for her one-third interest in the Buckhorn or Sharpe Lands except the exchange of property.

The lands exchanged were of "like character." All of it was farm land. The fact that the three tracts did not have the same acreage, and possibly not the same market value, would not prevent them from being of like character, since the persons exchanging the property were satisfied that the values were equal, their consideration being directed to the sentimental value rather than the market value.

Therefore, under *Code* § 113-818, the law deems it to be the intention of the testatrix to substitute the one-third interest in the McLemore Lands for her one-third interest in the Buckhorn or Sharpe Lands. *Reed v. Reed,* 68 Ga. 589, 591; *Lang v. Vaughn,* 137 Ga. 671, 679 (74 SE 270, 40 LRA (NS) 542, AC 1913B 52). The trial judge correctly held that under Item 7 of the will Estelle Still Thompson and those claiming under her have a remainder interest in one-third of the McLemore Lands, which was substituted for the one-third interest in the Buckhorn or Sharpe Lands.

■ The second question for determination is whether a remainder interest in the after-acquired two-thirds interest of the testatrix in the McLemore Lands was devised to James Wilson Thompson and Robert Parker Thompson under Item 6 of her will, in which she gave them the remainder estate in "my interest in the home place or McLemore Lands."

*Code* § 113-811 provides: "All property acquired subsequent to the making of the will shall pass under it, if its provisions are sufficiently broad to embrace such property." Under this Code section, general language, such as "all my personal property," has been held to be sufficiently broad to include after-acquired property, where the will did not disclose a different intent of the testator. See *Evans v. Pennington,* 177 Ga. 56 (1) (169 SE 349). We have found no case in Georgia construing a will which devised the testator's "interest" in land, where the testator later acquired an additional interest.

Various rules are applied by the courts in determining the intention of a testator, and at times these different rules would lead to contradictory results when applied to the same case. The appellants assert that the rule that intestacies are not favored (see *Matthews v. Loftin,* 224 Ga. 98, 101 (160 SE2d 399))

should be applied here. There is an equally valid rule, that the whole will is to be taken together, and operation be given to every part of it, if possible. *Blakeman v. Harwell,* 198 Ga. 165 (7) (31 SE2d 50); *Jordan v. Middleton,* 220 Ga. 903, 906 (142 SE2d 806).

We have held in Division 1 that under the factual situation of the present case the law will presume that it was the intention of the testatrix to substitute a one-third interest in the McLemore Lands for the interest in the Buckhorn or Sharpe Lands devised to Estelle Still Thompson. Effect can not be given to this provision if it be held that the devise in Item 6 to James Wilson Thompson and Robert Parker Thompson of a remainder estate in "my interest" (one-third at the time the will was executed) in the McLemore Lands is broad enough to include the two-thirds interest subsequently acquired by the testatrix. The whole interest in the McLemore Lands can not be given to James Wilson Thompson and Robert Parker Thompson, and a third interest in the same property be given to Estelle Still Thompson.

In order to give effect to both Items 6 and 7 of the will, we think the trial judge properly held that the remainder estate devised to James Wilson Thompson and Robert Parker Thompson, and those claiming under them, was the one-third interest that the testatrix owned at the time she made the will.

■ The will gave a life estate to the plaintiffs, the two sisters of the testatrix, in all the real estate of the testatrix, whether specifically described or not, but made no disposition of the remainder estate in any real property then owned by the testatrix or thereafter acquired, except that devised in Items 6 and 7. There was no residuary clause.

In *Armstrong Junior College Commission v. Livesey,* 189 Ga. 825, 829 (7 SE2d 678, 132 ALR 1063), it was held: "We are not unmindful of the presumption that exists against a partial intestacy. This, however, is but one of the guides to aid in construction, and the presumption is overcome where the intention of the testator to do otherwise is plain and unambiguous, or is necessarily implied. . . If the will creates a life-estate but does not dispose of the reversionary interest, it will by inheritance go to the heirs of the testator."

Since no disposition was made by will of the remainder interest in one-third of the McLemore Lands, the trial judge correctly held that an intestacy exists as to this interest, and this interest would go to the plaintiffs, as the only heirs at law of the testatrix.

*Judgment affirmed. All the Justices concur.*