### 41918. CARSWELL v. WATERS et al.
(330 SE2d 590)

SMITH, Justice.

Benjamin J. Sheppard, Jr., died testate survived by two sisters, Mary Sheppard Waters and Winnie Mildred Sheppard, one brother, J. Davis Sheppard, and other relatives. One sister, Virginia Sheppard Elyea, predeceased the testator. The appellant, Miriam Elyea Carswell, is one of Virginia's daughters. All of the parties agree that appellant is entitled to 10% of one-fourth of the residue of the testator's estate under Item 24 of the will, thus that issue is not before us. The order of the Chatham County Superior Court held that a specific legacy to Virginia under Item 16 lapsed (pursuant to Item 23, a lapse clause) when she predeceased the testator, that it became part of the residuary clause, that Item 24 was clearly only a residuary clause, and that appellant was given a 10% interest in one-fourth of the residuary estate only and nothing under Item 16. We reverse.

Appellant contends that she is entitled to 10% of the value of the securities that her mother "would have taken if she had been in life at the time" of the testator's death under Item 16 of the will. We agree.

"In will construction the court is required to 'seek diligently for the intention of the testator and . . . give effect to the same as far as it may be consistent with the rules of law.' OCGA § 53-2-91." *Norton v. Ga. R. Bank &c. Trust*, 253 Ga. 596, 597 (322 SE2d 870) (1984).

Items 4 through 15 of the will provide for numerous legacies that lapse upon stated conditions and become "null and void." Items 21 and 22 are specific bequests of real and personal property, that provide for gifts over.

Items 16, 17, and 18 are specific bequests of securities to Virginia, Mary, and J. Davis, respectively. Item 20 is a specific bequest to Winnie.

Item 23 is a lapse clause. "If any of the above legatees predecease me, then and in that event, the legacy shall lapse and become a part of the residue of my estate unless specifically otherwise bequeathed in this Will." This lapse clause is limited by its own terms in that it provides for a lapse only if the legacy is not "specifically otherwise bequeathed." Item 23 can only apply to those clauses that contain no provision for lapse or gifts over. Items 16, 17, 18, and 20 are the only Items that do not have such provisions.

Item 24 is a residuary clause. "All the rest and residue of my estate whether real, personal or mixed, wherever situated, I give de-

vise and bequeath to my sisters, [Virginia, Mary, and Winnie] and my brother, [J. Davis] share and share alike. Should [J. Davis] predecease me, then and in that event, his child or children shall take a total of only fifty (50%) of what he would have received if he were in life at the time of my death. Should [Virginia] predecease me, then and in that event, her child [Rose] shall take forty percent (40%) of what [Virginia] *would have taken if she were in life at the time of my death*; and her child, [Miriam] shall take ten percent (10%) of what [Virginia] *would have taken if she had been in life at the time of my death*. The remaining portions of the shares of such deceased shall become a part of the residue of my estate with the surviving residuary legatees taking the whole of my residuary estate." (Emphasis supplied.)

The only place Items 16, 17, 18, and 20 could be "otherwise specifically bequeathed," is under Item 24, the residuary clause. In looking at the residuary clause we see that the language the testator used, "indicates an intention to make two distinct gifts — one of specific property [to the appellant and her sister] and the other of the residue . . ." *Henderson v. First Nat. Bank of Rome*, 189 Ga. 175, 180 (5 SE2d 636) (1939). Item 24 provides that in the event Virginia predeceases the testator, 40% of what she "would have taken if she were in life at the time of [the testator's] death," would go to one daughter and 10% of what she "would have taken if she were in life at the time of [the testator's] death," would go to appellant. Virginia "would have taken" 100% of the securities under Item 16 if she had been in life at the time of the testator's death and she "would have taken" one-fourth of the residue under Item 24. Giving the words their plain meaning, we find that the testator intended to make a specific bequest to appellant and her sister of a total of not more than 50% of what Virginia "would have taken" under Item 16 had she lived.[1] Immediately following the specific bequest to appellant, Item 24 provided that, "The remaining portions of the shares . . ." would become a portion of the residue. This language indicates the testator's intention to "distinguish [the specific bequests] from the residue." *Henderson*, supra at 180.

The language in Item 26, "In the event my sister [Virginia], or my brother, [J. Davis] should predecease me and an evaluation of the securities bequeathed to them had they been in life must be made . . ." reinforces our construction. Once again giving the words their plain meaning, it is clear that the testator wanted the executor to

---

[1] We note that without Item 23, the gift to Virginia under Item 16 would "not lapse but [would vest] in [her children] in the same proportions as if it were inherited directly from their deceased ancestor." OCGA § 53-2-103. Appellant and her sister would have taken 100% of the securities.

evaluate the securities Virginia and J. Davis "would have taken," under Items 16 and 18 so that the specific bequests under Item 24 could be fulfilled. Mary was also given securities under Item 17, but the will did not call for an accounting of her securities because none of her share was "specifically otherwise bequeathed." Mary's share would have completely lapsed, if she had predeceased the testator.

We find that the testator intended to specifically bequeath to appellant 10% of what her mother "would have taken if she had been in life at the time of [the testator's] death," under Item 16 of the will.

*Judgment reversed. Marshall, P. J., Clarke, Smith, Gregory, Weltner, and Bell, JJ., and Judge James E. Findley, concur. Hill, C. J., disqualified.*

## DECIDED JUNE 11, 1985.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Malberry Smith, Jr., Custer, Walker, Hynes & Johnson, Lawrence B. Custer, Douglas A. Hill,* for appellant.

*Brannen, Wessels & Searcy, Frank P. Brannen, Willis J. Richardson, Jr.,* for appellees.