S99A0070. BARBER et al. v. WARREN.
(515 SE2d 153)

HINES, Justice.

This appeal involves the construction of a will. For the reasons that follow, we reverse the trial court's ruling that the will devised all the decedent's property to Warren.

Jimmie H. Barber died on July 9, 1995. He left a will dated March 11, 1986, naming Warren, his sister, as the only legatee. The will is handwritten on one page and, after the preamble, states in toto:

> I leave all my real and personal property listed in detail to my sister Jeanette Roberts [Warren]
> property being and list:
> Trailer 30 ft. Nat. which I live in.
> Trailer 42 ft. Champion
> grinder outside & table saw — 8″

All this property is on Daryl and Sue Mote land. Daryl Mote.
[signed]
Also:
1 1973 Chev. truck and camper
[witness and notary]

Several years after executing the will, Barber acquired a parcel of real property in Brantley County; he owned no real property at the time the will was executed. After his death, the will was admitted to probate and Warren was appointed administrator. Barber's heirs at law, Larry C. Barber, Hazel B. Graham, and Robert S. Barber, filed a petition to construe the will, contending that it bequeathed only those items of property specifically listed, leaving the rest of his property to descend by intestacy. After a hearing, the trial court construed Barber's will to leave all of his property, real and personal, to Warren, and the heirs at law appeal.

In construing a will, the cardinal rule is to ascertain and give effect to the testator's intent. *Timberlake v. Munford*, 267 Ga. 631, 632 (481 SE2d 217) (1997). It is presumed that a testator intends to dispose of his entire estate and not die intestate as to any part of it. See *Cumming v. Cumming*, 219 Ga. 655, 659 (135 SE2d 402) (1964). However, the presumption against a partial intestacy is overcome when "the intention of the testator to do otherwise is plain and unambiguous, or is necessarily implied." *Thompson v. Mathews,* 226 Ga. 347, 351 (3) (174 SE2d 916) (1970). Here such an intent is plain. Barber specifically left to Warren his "real and personal property *listed in detail.*" He then specified the property, with the introduction: "property being and list." Finally, he identified the property with the statement: "*All* this property is on Daryl and Sue Mote land." There is no mention of any other property, and there is no statement that Warren is to receive everything Barber owned, only the property listed. Barber's clear intent was to leave to Warren only that property specifically listed in the will, and, absent a later will, Barber is intestate as to property not listed.

Warren contends the will should be read to give the term "real property" its definite, accepted meaning, and that she should receive Barber's real property. See *Maclean v. Williams*, 116 Ga. 257, 258 (42 SE 485) (1902). However, it must be remembered that wills are made by laymen as well as professionals. *Everitt v. LaSpeyre*, 195 Ga. 377, 379 (24 SE2d 381) (1943). Warren acknowledges that Barber possessed no real property when he executed the will and used the term, there is no indication he intended to use the term in its legal sense, and the inclusion of a legal term of art is not necessarily controlling. *Maclean*, supra. Further, reading the will to give the term "real property" its accepted legal meaning does not alter the result. Property

acquired after a will's execution may be devised by that will, but it is not necessarily so devised. The question is whether the provisions of the will embrace the after-acquired property. See OCGA § 53-2-117. *Linson v. Crapps*, 204 Ga. 264, 265 (49 SE2d 523) (1948). Barber's will does not embrace such property, only that listed. Where the testator's intent conflicts with the precise meaning of any term, the testator's intent governs. *Buffington v. Childers*, 259 Ga. 179, 180 (378 SE2d 122) (1989).

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 12, 1999 —
RECONSIDERATION DENIED MAY 14, 1999.

*Gilbert, Harrell, Gilbert, Sumerford & Martin, Charles G. Spalding,* for appellants.
*Earl D. Smith, Jr.,* for appellee.