S10A0858. SEE et al. v. MITCHELL.

(700 SE2d 338)

THOMPSON, Justice.

The Last Will and Testament of decedent Cathy Lee Pendleton was probated in solemn form and named appellee Patricia L. Mitchell as executrix of the estate. In that capacity, appellee filed a petition for declaratory judgment in the Superior Court of Cherokee County seeking, inter alia, a determination as to the rightful claimants to the residuary estate under the will.[1] The trial court found that there was no ambiguity and ruled that the residuum is to be distributed in accordance with the testatrix's clearly expressed intent in Item IV of her will.[2] Appellants Cynthia Ann See, Tina Lynn Harrison, and Earl Stanford Smith, Jr. (siblings of the testatrix and contingent beneficiaries of the residuum) assert on appeal that the residuary estate should be distributed according to the laws of intestacy because it is impossible to ascertain the intent of the testator from the language of the will. We disagree.

The will was written in five parts. Items I through III contain prefatory language and provide for the disposition of the decedent's remains; Item V names Mitchell as executrix. The disposition of the

---

[1] See OCGA § 9-4-4 (a) (1) and (3) authorizing an executor to bring a declaratory judgment action to ascertain a class of legatees or for construction of a will, respectively.

[2] Other claims raised and adjudicated in the declaratory judgment action are not in issue in this appeal.

assets of the estate was dealt with exclusively in Item IV, which provides:

## IV.

I give all the rest and residue of my estate as follows:

| | |
|---|---|
| To Dot & Rusty Pendleton: | $25,000 of my estate |
| To Earl Stanford Smith Sr: | $25,000 of my estate |
| To Trish Mitchell: | $25,000 of my estate |
| To SCARF:[3] | $50,000 of my estate |
| To Tri County Animal Hospital: | $25,000 their [sic] new expansion |
| To the Samoyed Club of America: | $25,000 of my estate |
| To Michael and Judith Morman: | $25,000 of my estate |
| To Steve Bishop: | My RV |

To whomever adopts a dog that is living with me at the time of my death is to receive $5,000 for expensives [sic]

| | |
|---|---|
| To Janice Harper: | $10,000 for the back yard fencing |
| To Marla Stromberg: | $10,000 for her help with my dogs |

If none of my designated beneficiaries survives me, I give all the rest and residue of my estate to Tina Harrison, Cindy See & Earl Stanford Smith Jr. If neither all of my designated beneficiaries nor Tina Harrison, Cindy See and Earl Stanford Smith Jr. survives me, I give all the rest and residue of my estate to be divided between the Samoyed Club of America and SCARF.

The construction of a will is a question of law for the proper trial court. *Bennett v. Young*, 270 Ga. 422 (1) (510 SE2d 521) (1999). "The cardinal rule of construction in any will case is to strive to ascertain the intention of the testator. [Cit.] If possible, the testator's intention should be gleaned from the four corners of the will itself. [Cit.]" *Reynolds v. Harrison*, 278 Ga. 495, 497 (1) (604 SE2d 184) (2004). See also OCGA § 53-4-55. The entire document is to be taken together, and operation should be given to every part of it. *Thompson v. Mathews*, 226 Ga. 347 (2) (174 SE2d 916) (1970).

Acknowledging that Item IV included both specific bequests in enumerated amounts to named legatees, as well as a residuary

---

[3] An acronym for Samoyed Club of America Education and Research Foundation, Inc.

clause, the trial court found the intent of the testator to be clear: "[T]hose persons and entities named in the first paragraph of Item IV having survived the testator, it is they who are to receive the residuary estate, after they have each received their specifically bequeathed sums or property."[4]

In *Henderson v. First Nat. Bank of Rome*, 189 Ga. 175 (5 SE2d 636) (1939), the Court considered a situation in which the residuary clause also included specific gifts of property and funds. In construing that provision, the Court determined: "where it appears from the will that it was the intent of the testator to make a specific bequest or devise of the property enumerated in the residuary clause, the courts will so construe the clause." Id. at 180. That is precisely the situation now before the Court. Item IV enumerates testamentary gifts of funds to be made to designated legatees, along with a specific devise of property — the recreational vehicle. Within that clause, the testatrix also specified that these same legatees are to receive the residuum, should they survive her. See OCGA § 53-4-59 (defining various testamentary gifts). Only if "none of [the] designated beneficiaries survives" the testatrix is the residuary estate to be distributed to appellants. As in *Henderson*, the testatrix clearly and unambiguously intended that the named legatees receive property and funds in specified amounts from her estate. "The fact that [she] also made [the named legatees her] residuary legatee[s], thus assuring that [they] would take in addition any residuum from property not otherwise devised, does not seem to us in any way to operate against this conclusion." Id. at 181. It follows that the trial court correctly construed the will and properly instructed the executrix as to the disposition of the assets of the estate.[5]

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 12, 2010.

*Gaslowitz Frankel, Craig M. Frankel, Millie Baumbusch, Robert P. Marcovitch*, for appellants.

*Holland, Schaeffer, Roddenbery & Blitch, Gwenn D. Holland, Shriver & Gordon, Rudolph T. Gordon, Orr, Brown & Johnson,*

---

[4] It is without dispute that all of the named beneficiaries survived the testatrix, and that assets remain in the residuum after the specific bequests are distributed.

[5] In light of our holding that the trial court correctly construed the first paragraph of Item IV of the will, the second paragraph of Item IV is rendered inoperative. Thus, we need not address appellants' contentions that the second paragraph of Item IV fails and the estate should be distributed according to the laws of intestacy.

*E. Wycliffe Orr, Sr., McConnell & Sneed, Robert M. Sneed, Jr., Charles J. Hampton*, for appellee.