E. H. WORRILL, administrator, *et al.*, plaintiffs in error, *vs.* JACKSON GILL, administrator, defendant in error.

Where a testator, in 1854, made his will, by which he left certain land to his son, whom he appointed executor, and in 1856 conveyed the land to his son by deed, reserving a life estate to himself, and delivered the deed to his son, the legacy is adeemed. If, on the death of the testator in March, 1864, the son takes immediate possession of the land, claiming it under the deed, and in January, 1865, prove the will and qualify as executor, but does not return the land as part of his father's estate, he is not estopped by the probate and his qualification as executor, without more, from setting up his title under the deed adverse to the will.

Estoppel. Legacy. Ademption. Before Judge JOHNSON. Marion Superior Court. April Term, 1872.

Jackson Gill, as administrator *de bonis non*, with the will annexed, of James Perryman, deceased, brought ejectment against E. H. Worrill, as administrator upon the estate of Anthony G. Perryman, deceased, *et al.*, for a certain tract of land situated in the county of Marion.

The decision of the Supreme Court will be fully understood from the refusal to charge and the charge as given.

The defendants requested the Court to charge as follows, to-wit:

"If the jury shall find that James Perryman, in May, 1854, executed the will in evidence and devised the premises in dispute to A. G. Perryman, and afterward in September, 1856, by deed conveyed the same property to said A. G. Perryman, reserving a life-estate therein to himself, then

such legacy is adeemed under section 2427 of Irwin's Code, and the fact that said A. G. Perryman may afterward have proved the will and taken letters testamentary under it, and have sworn to execute the same according to law, did not destroy such ademption, and defendants are not thereby estopped from setting up title under said deed."

The Court refused to give the foregoing request in charge, but charged the jury to the contrary, as follows, to-wit:

"It is asserted by plaintiff that James Perryman, at the time of his death, was the owner of and had title to the premises in dispute. If so, the plaintiff is entitled to recover in this action. It is also asserted by plaintiff that James Perryman in 1854 made and published his last will and testament, disposing of this property now in controversy; that James Perryman died in 1864 in possession of the property, leaving said will unrevoked; that A. G. Perryman, one of the executors of said will, presented the same to the Ordinary for probate in January, 1865; that the same was admitted to probate as the will of James Perryman; that A. G. Perryman qualified as executor, assumed the burden of executing the same, and acted as such executor. It is, however, asserted by defendants that James Perryman conveyed this property, by deed, in 1856 to A. G. Perryman, the executor, and that the administrator of A. G. Perryman, who is the real defendant, is, therefore, entitled to retain possession of it.

"The jury will determine all these questions of fact, and if they, from the testimony, shall find the facts as asserted, then A. G. Perryman, in law, is estopped from denying the title of the plaintiff, notwithstanding the deed from James Perryman to A. G. Perryman, made in 1856, and plaintiff will be entitled to recover."

The jury returned a verdict for the plaintiff for the premises in dispute.

Defendants excepted to the refusal to charge, as herein set forth, and to the charge as given, and now assign the same as error.

B. HILL; B. B. HINTON; E. H. WORRILL, for plaintiffs in error.

M. H. BLANDFORD, for defendant.

MONTGOMERY, Judge.

The subject matter of the present suit having been specifically devised by the testator, and afterwards disposed of by him by deed, there can be no doubt that the devise was adeemed: White *vs.* Winchester, 6 Pick., 47, and authorities there cited; Code, 2427. Was the executor estopped by probate of the will from setting up the ademption? Had the testator sold the property to a stranger, and he, before probate of the will by the executor, resold to the latter, it will hardly be contended that the executor, under such circumstances, would have been estopped by the probate from showing that the property had been sold by the testator in his lifetime, and that he, the executor, had afterwards purchased it from the vendee of the testator. "The probate of a will establishes the capacity of the testator, and the fact that it has been executed with the formality required by the law;" and to this extent the executor may be said to be estopped from attacking it, at least, collaterally. "But upon what particular estate, real or personal, it may operate, is a question open for examination in the Courts of common law. Those claiming the personal property under the will are required to show that it belonged to the testator at the time of his decease. And those claiming real estate, devised therein, will be holden to prove that, at the time of making the will, the testator was seized of the same, and died seized thereof, without any change or alteration of title:" Carter *et ux. vs.* Thomas, 4 Metcalf, 244.

An alienation by the testator of property bequeathed is not a *revocation* of the will. It simply *operates* as a revocation: Brown *vs.* Thorndike, 15 Pick., 407—or *amounts* to a revocation: Hawes *vs.* Humphrey, 9 Pick., 361—and in such a case, the whole will must be proven. In Hawes *vs.* Hum-

Worrill *et al. vs.* Gill.

phrey, the testator devised lands to trustees for certain purposes. He afterwards conveyed away the lands so devised. The will was attacked as revoked, so far as. the clauses conveying these lands were concerned, by the alienation. The Court says, " it is contended that the devise to the trustees is void, on various grounds. But this question is not examinable by us, sitting as a Supreme Court of Probate. The construction of the will, and the validity and effect of its various provisions, are to be determined by a Court of common law jurisdiction. The probate of a will does not affect the validity or invalidity of any particular clause in the will, [as to the property on which it operates is evidently intended.] This is not the case, therefore, in which a limited probate is necessary, the proof being sufficient to establish the will, as it respects the real as well as the personal estate." Indeed, to hold that alienation of property devised was, technically, a revocation, would be to permit a revocation by means other than those set forth in the 6th section of the statute of frauds, substantially adopted by our Code, sections 2435, 2436. By keeping in mind that the question before the Ordinary, when a will is propounded for probate, is not what property passes by this paper, but whether the testator has executed it with the formalities required by law, we will perceive what the judgment of probate is, to-wit: that the propounded paper has been duly executed, and it is adjudged that it be admitted to probate, leaving to the Courts of common law to decide what property passes under it.

If, then, I am correct in supposing that an alienation of the bequeathed property by the testator is not strictly a revocation, but only operates as such, leaving the will still to be proved in its totality, and that the judgment of probate does not decide what passes under the will, the executor, when setting up adverse title to the property conveyed by the will, which adverse title is based upon an ademption of the legacy, is not denying the will he has proved, and, therefore, is not estopped by the judgment of probate. To hold otherwise would be to deprive an executor of his right to qualify, if,

perchance, he had, at any time, bought property originally owned by the testator, and bequeathed by him in the will offered for probate.,

Judgment reversed.