## MONCRIEF et al. v. SHUMAN et al.

ATKINSON, J. 1. "A legacy is adeemed or destroyed, wholly or in part, whenever the testator, after making his will during his life, delivers over the property or pays the money bequeathed to the legatee, either expressly or by implication, in lieu of the legacy given; or when the testator conveys to another the specific property bequeathed and does not afterwards become possessed of the same, or otherwise places it out of the power of the executor to deliver over the legacy. If the testator attempts to convey and fails for any cause, the legacy is still valid." Civil Code (1910), § 3908. Under application of the foregoing provisions of the Code, this court has held: "Where a testator conveys to another specific property devised or bequeathed, and does not afterward become possessed of the same, and the will contains no provision for such contingency, the devise or legacy is adeemed, and such legal result can not be obviated by extrinsic evidence tending to show that the testator did not intend it." Lang v. Vaughn, 137 Ga. 671 (74 S. E. 270, 40 L. R. A. (N. S.). 542, Ann. Cas. 1913B, 52).

2. The devise related to two specific tracts of land. Relatively to one of the tracts the devise was of a one-half interest. This devise alone is involved in this case. After execution of the will the testator and his cotenant made a sale of the land jointly owned by them and executed a warranty deed therefor, receiving a substantial part of the purchase-money in cash, and notes of the vendee for the balance, together with a deed from the vendee to secure payment of the notes for the balance of the purchase-price. One of the notes was subsequently paid to the testator. The land was not afterwards possessed by the testator while in life. The other notes came into the hands of the executrix. Held, under application of the statute and the principles ruled in Lang v. Vaughn, supra, that the devise as to the interest of the testator in the jointly owned tract of land was adeemed by the conveyance of the land and receipt of part of the purchase-money paid by the grantee to the testator.

(a) The facts that the security deed was contemporaneous with the warranty deed, and that both were parts of the same transaction, do not take the case without the above stated principles.

**218**

(*b*) The case differs from *Protestant Episcopal Church* v. *Lowe Co.*, 131 *Ga.* 666 (63 S. E. 136, 127 Am. St. R. 243), and *Royal* v. *Edinburgh-American Land Mortgage Co.*, 143 *Ga.* 347 (85 S. E. 190), where other persons such as creditors were concerned, and which did not involve the question of ademption of a devise.

3. The judgment of the court as set out in the statement of facts was not erroneous as against the defendants on the ground, as contended by them, that the conveyance of the land in the circumstances stated did not amount to an ademption of the devise.

*Judgment affirmed. All the Justices concur.*

No. 6835. OCTOBER 4, 1929.

*Travis & Travis,* for plaintiffs in error.  *J. P. Dukes,* contra.