THOMPSON *v.* LONG, administrator, *et al.*

No. 15973. October 14, 1947.

*William S. Shelfer,* for plaintiff in error.

*T. J. Lewis* and *Paul Crutchfield,* contra.

JENKINS, Chief Justice. The Code, § 113-817, sets forth the conditions under which a legacy is as a matter of law held to be adeemed as follows: "A legacy is adeemed or destroyed, wholly or in part, whenever the testator delivers over the property or pays the money bequeathed to the legatee, either expressly or by implication, in lieu of the legacy given; or when the testator conveys to another the specific property bequeathed, and does not afterward become possessed of the same, or otherwise places it out of the power of the executor to deliver over the legacy. If the testator attempts to convey and fails for any cause, the legacy is still valid." The Code, § 113-818, provides further, however: "If the testator exchanges the property bequeathed for other of the like character, or merely changes the investment of a fund bequeathed, the law deems the intention to be to substitute the one for the other, and the legacy shall not fail." This court in construing the above provisions of the Code has held as follows: "Where a testator conveys to another specific property devised or bequeathed, and does not afterward become possessed of the same, and the will contains no provision for such contingency, the devise or legacy is adeemed, and such legal result can not be obviated by extrinsic evidence tending to show that the testator did not intend it." *Lang* v. *Vaughn,* 137 *Ga.* 671 (74 S. E. 270, 40 L. R. A. (N. S.) 542, Ann. Cas. 1913B, 52) ; *Moncrief* v. *Shuman,* 169 *Ga.* 217 (150 S. E. 98) ; Redfearn's Wills and Administration of Estates (Re-

vised Ed.), 239, § 146; 69 C. J. 1004, § 2203. Under the foregoing rules of the Code and the authorities above cited, the fact of ademption arose on the conveyance of the specific property covered by the legacy, and rests upon a rule of law independently of any supposed actual intent of the testator; and in the absence of any facts which would bring the case within the exceptions set forth in the Code, § 113-118, supra, and in the absence of any provision in the will in contemplation of such a contingency, the trial court properly held that the instant devise had been wholly adeemed by reason of the conveyance of such realty, and since the testatrix died intestate as to this devise, that the proceeds thereof passed into the residuum of said estate.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*