24254. WOODALL et al. v. FIRST NATIONAL BANK OF COLUMBUS, Executor, et al.

ARGUED SEPTEMBER 12, 1967—DECIDED OCTOBER 5, 1967— REHEARING DENIED OCTOBER 20, 1967.

*Bloch, Hall, Groover & Hawkins, Charles J. Bloch, Wilbur D. Owens, Jr., Foley, Chappell, Young, Hollis & Schloth, Bentley H. Chappell, William H. Young, III,* for appellants.

*Kelly, Champion & Henson, Forrest L. Champion, Jr., Kenneth M. Henson, Divine & Busbee, Jones, Sparks, Benton & Cork, Timothy K. Adams, Frank C. Jones,* for appellees.

GRICE, Justice. The basic issue for determination in this appeal is whether the testator's sale of certain property to a third party constituted an ademption of a portion of a legacy. This issue arose when the First National Bank of Columbus, as executor and trustee under the will of Allen M. Woodall, Sr., filed in the Superior Court of Muscogee County a petition for construction of the will in respect to several matters, including this issue of ademption. The petition named as defendants the testator's

widow Mrs. Janette M. Woodall, his sons by a prior marriage Allen M. Woodall, Jr., and Whitfield S. Woodall, besides other parties not necessary to mention here. The sons in their answers asserted that the legacy had been adeemed as to the property sold, while the widow in her answer contended that it had not. By agreement, the case was submitted to the judge without a jury. He rendered a judgment which, among other provisions, declared that such portion of the legacy had been adeemed.

This issue involves *Code* § 113-817, which is as follows: "A legacy is adeemed or destroyed, wholly or in part, whenever the testator delivers over the property or pays the money bequeathed to the legatee, either expressly or by implication, in lieu of the legacy given; or when the testator conveys to another the specific property bequeathed, and does not afterward become possessed of the same, or otherwise places it out of the power of the executor to deliver over the legacy. If the testator attempts to convey and fails for any cause, the legacy is still valid."

It also involves *Code* § 113-818, which provides: "If the testator exchanges the property bequeathed for other of the like character, or merely changes the investment of a fund bequeathed, the law deems the intention to be to substitute the one for the other, and the legacy shall not fail."

The legacy in question consists of capital stock in four named corporations and an interest in a partnership, these entities owning and operating certain Howard Johnson restaurants. They will hereinafter be referred to as "the Howard Johnson stocks and interests."

This legacy was provided by Item VI of the will of Allen M. Woodall, Sr., which was executed on November 4, 1963. That item bequeathed and devised certain described real and personal property, including the Howard Johnson stocks and interests, to the First National Bank of Columbus, as trustee, for the use and benefit of the testator's wife, Janette M. Woodall, for and during her life for the purposes and in the manner therein set forth.

In addition, designated property was bequeathed to one son, a trust involving specified property was created for the benefit

of the other son, and the residue of the estate was bequeathed and devised to these two sons, in equal shares.

Almost two years after making his will, the testator sold all of the Howard Johnson stocks and interests to a third person, not a legatee, devisee or heir at law of the testator, for $175,000 in cash.

The testator died approximately two months thereafter, without having become repossessed of such property, thus placing it outside the power of the executor to deliver this portion of the legacy to the trustee bank in accordance with Item VI of the will. No provision for this contingency is made in the will.

In her appeal from the trial court's judgment that the legacy had thus been adeemed insofar as the Howard Johnson stocks and interests are concerned, the widow made eighteen enumerations of error. These enumerations may be summarized and grouped as follows: (1) finding that the legacy for her benefit was a specific one; (2) finding that there had been an ademption of such legacy as to the Howard Johnson stocks and interests; (3) failing to find that what occurred was a change in the investment of a fund bequeathed instead of an ademption; (4) failing to find that what transpired was the exchange of property bequeathed for other of like character rather than an ademption; and (5) excluding from evidence certain documents relating to the financial condition of the testator's estate.

■ We must first determine whether the legacy in question is a specific legacy and hence one to which the principle of ademption applies. Only a specific legacy may be adeemed. See *Bailes v. Halsey*, 179 Ga. 182, 185 (175 SE 472); 57 AmJur 1082, Wills, § 1582.

In this connection, Item VI of the will provides in material part as follows: "I give, bequeath and devise . . . [other property]; also, all my capital stock (now being 25% of the total) in the following corporations: . . . [the Howard Johnson stocks and interests] . . . [other property] to the First National Bank of Columbus, Columbus, Georgia, a national banking association having trust powers, as trustee, for the use and benefit of my beloved wife, Janette M. Woodall, to hold in trust for and during the life of my said wife, unless

said trust is sooner terminated as hereinafter provided, for the purposes and in the manner hereinafter set forth. . ."

Various types of legacies are recognized in this State. Our Code, by § 113-808, declares that "legacies may be either general or specific. A specific legacy is one which operates on property particularly designated. A gift of money to be paid from a specified fund is nevertheless a general legacy." A demonstrative legacy is "one which designates the fund or property from which it is to be satisfied but is nevertheless an unconditional gift to the legatee of the amount or value specified." *Owens v. Citizens & Southern Nat. Bank*, 177 Ga. 289, 295-296 (170 SE 196). A residuary legacy "is a general legacy into which fall all the assets of the estate after the satisfaction of all other legacies and the payment of all debts of the estate and all costs of administration." 1 Redfearn, Wills and Administration in Georgia (3d Ed.), p. 385, § 153.

A consideration of the types of legacies in the light of the facts here requires the conclusion that this legacy is a specific one. It comports with what this court quoted approvingly in *Young v. Young*, 202 Ga. 694, 701 (44 SE2d 659): " 'A specific legacy is one that can be separated from the body of the estate and pointed out so as to individualize it, and enable it to be delivered to the legatee as a thing *sui juris*. The testator fixes upon it, as it were, a label, by which it may be identified and marked for delivery to the owner, and the title to it, as a separable thing, vests at once, on the death of the testator, in the legatee.' "

The fact that Item VI provided that the legal title to this particular property was to be held by a trustee for the benefit of the widow does not prevent the legacy from being a specific one. It is the particular designation of the property itself, not who holds its legal title, which makes the legacy specific.

■ Whether there was an ademption of this specific legacy is another matter.

In determining this we are concerned with the following portion of *Code* § 113-817, supra: "A legacy is adeemed or destroyed, wholly or in part . . . when the testator conveys *to another* the specific property bequeathed, and does not after-

ward become possessed of the same, or otherwise places it out of the power of the executor to deliver over the legacy. If the testator attempts to convey and fails for any cause, the legacy is still valid." (Emphasis supplied.) It should be pointed out that here the testator did not afterward become possessed of the property bequeathed and that the conveyance did not fail.

In deciding whether there was an ademption as to the Howard Johnson stocks and interests, three questions are presented.

■ The first question is: Under the circumstances here, when a testator conveys to a third person the specific property devised and the will contains no provision for such contingency, may it be shown that the testator did not intend for an ademption to take place?

The appellant wife would have us answer this in the affirmative. She urges that the intent of the testator must always be ascertained and followed. As showing this testator's intention that there not be an ademption of her legacy she points out the will's provisions such as those relating to his affection for her and his concern and injunction as to her support and comfort, providing for his sons to bear any abatement, and instructing his executor to honor his option agreement to sell the Howard Johnson stocks and interests to the other shareholders if they exercise the option. She also relies upon such extrinsic evidence as his material accumulation during their marriage; the heavy impact of ademption upon her share of the estate; the financial condition of the estate permitting restoration of the proceeds of the sale to the trust created for her benefit; and the tracing of substantially all of such proceeds into investments which he made shortly after the sale in bank deposits, other corporate stocks, and the like.

However, the rule of force in this State is that a testator's intention in disposing of specifically bequeathed property may not be inquired into under the facts here.

The leading case on this subject is *Lang v. Vaughn,* 137 Ga. 671 (74 SE 270, 40 LRA (NS) 542, AC 1913B 52) (one Justice disqualified and one not participating). There, the facts are similar in principle to those here. The testatrix devised a one-half interest in realty to her niece but subsequently sold the property

to a third party and invested the proceeds. Upon her death the issue of ademption arose, with the niece contending that the testatrix did not intend for the sale to destroy the devise. In support of this contention the niece relied upon such circumstances as the close relationship between them and the fact that the sale and investment were made in order to obtain greater income. But the court did not sustain that contention. It reviewed the derivation and content of what are now *Code* §§ 113-817 and 113-818, supra, and held that under them there are four exceptions to the rule that ademption occurs where a testator conveys to another the specific property bequeathed, those exceptions being (1) where he afterwards becomes possessed of the same property, (2) where the attempt to convey fails, (3) where the testator exchanges the property for other of like character, and (4) where he merely changes the investment of a fund bequeathed. Finding none of these exceptions present, the court held that an ademption occurred.

In its opinion, the court stated: "Of course a testator may provide in his will . . . that if property is sold and the fund reinvested, how the reinvestment shall pass, or make like provision. But if he leaves a specific legacy, *with no such express provision in the will,* and subsequently deals with the property by way of sale or exchange, the law provides what shall be the result. If a testator makes a will containing a specific legacy, and subsequently does certain specified acts, the fact that the law declares what will be the result of those acts in the absence of any provision in the will on the subject, in no way conflicts with the rule that the intention of the testator controls in construing his will." (Emphasis supplied.) Pp. 678-679.

That case was expressly approved and followed in the full bench decision of *Moncrief v. Shuman,* 169 Ga. 217 (150 SE 98), where, as here, the testator later sold the property and did not provide for such contingency in his will, and the devisees sought to show that he did not intend an ademption.

Of similar import is *Thompson v. Long,* 202 Ga. 718 (44 SE2d 651) (one Justice not participating), which stated: "Under the foregoing rules of the Code and the authorities above cited, the fact of ademption arose on the conveyance of the specific

property covered by the legacy, and *rests upon a rule of law independently of any supposed actual intent of the testator;* and in the absence of any facts which would bring the case within the exceptions set forth in the Code, § 113-818, supra, and in the absence of any provision in the will in contemplation of such a contingency, the trial court properly held that the instant devise had been wholly adeemed by reason of the conveyance of such realty. . ." (Emphasis supplied.) P. 720.

For these reasons we do not sustain the positions taken in those enumerations of error complaining of failure to consider the testator's intention upon the issue of ademption.

■ The second question on the issue of ademption is: Was the testator's sale of the Howard Johnson stocks and interests "the investment of a fund bequeathed," as contemplated by *Code* § 113-818, supra?

That section provides that, "If the testator exchanges the property bequeathed for other of the like character, or merely changes the investment of a fund bequeathed, the law deems the intention to be to substitute one for the other, and the legacy shall not fail."

We cannot agree that the bequest of ". . . [other property]; also, all my capital stock (now being 25% of the total) in . . . [the Howard Johnson stocks and interests] . . . [other property] to the First National Bank of Columbus . . . as trustee, for the use and benefit of my beloved wife, Janette M. Woodall, to hold in trust for and during the life of my said wife . . . for the purposes and in the manner hereinafter set forth . . ." is a "fund bequeathed" within the meaning of the foregoing section.

In the *Lang* case, 137 Ga. 671, supra, this court dealt with the same contention made here. That the property there was realty, instead of personalty, is of no decisive consequence. This court held: "Nor did the testatrix bequeath a fund and merely change the investment of it. It was not a bequest of a fund, but a devise of realty. There are no words in the will giving to the legatee not only the realty but the proceeds of any sale of it. The sale of real property and the investment of a portion of the proceeds thereof in personal property, standing alone, can not

fall within the provision as to changing the investment of a fund bequeathed." P. 680. In the present case, the will did not give the wife not only the stocks and interests but also the proceeds of any sale of them.

We hold, therefore, that the enumerations of error asserting that this was not an ademption but a change in the investment of a fund bequeathed, as envisioned by *Code* § 113-818, supra, are without merit.

■ The third question is: Was what transpired here merely an exchange of property for other of like character, as contemplated by *Code* § 113-818, supra, and therefore not an ademption?

In material part that section provides that, "If the testator exchanges the property bequeathed for other of the like character . . . the law deems the intention to be to substitute the one for the other, and the legacy shall not fail."

The appellant contends that the evidence shows that substantially all of the money which the testator received from the sale of the Howard Johnson stocks and interests was traced into the purchase of other securities, and that this was an exchange of property of the like character, within the meaning of *Code* § 113-818, supra.

Although most of the proceeds of the sale of the . Howard Johnson stocks and interests were shown to have been invested in bank certificates of deposit and corporate stock, we do not reach the issue whether these constituted other property of "like character" as compared with the Howard Johnson stocks and interests.

Rather, we regard as decisive the more basic fact that here there was no "exchange," but a sale and subsequent purchases. All of the Howard Johnson stocks and interests were sold for a consideration wholly in *money*. The purchases of the bank certificates and stock were made independently and separately of that sale. Exchange is the giving of one thing for another; a transfer of property for property or some value other than money (15A Words & Phrases 131); "the act of giving or taking one thing in return for another as an equivalent." Webster, Third New International Dictionary, p. 792.

Therefore, we hold that this was not the "exchange" of prop-

erty bequeathed for other of like character, as contemplated by *Code* § 113-818, supra, so as to except it from operation of the principle of ademption. Accordingly, the enumerations of error taking the contrary position are not valid.

■ In view of the rulings made hereinbefore, the trial court properly excluded from evidence the documents relating to the financial condition of the testator's estate.

We find no error in the judgment appealed from.

*Judgment affirmed. All the Justices concur.*