## 35048. PEACOCK v. OWENS.

JORDAN, Justice.

This is an appeal in a will construction case in which the trial court held that the devise of certain real estate "fails because an ademption by extinction has taken place."

At issue is Code Ann. § 113-817 which in pertinent part is as follows: "A legacy is adeemed or destroyed, wholly or in part, . . . when the testator conveys to another the specific property bequeathed, and does not afterward become possessed of the same, or otherwise places it out of the power of the executor to deliver over the legacy. If the testator attempts to convey and fails for any cause, the legacy is still valid."

The facts show that Estelle S. Owens, also known as Estelle Peacock Owens, executed her last will and testament on May 27, 1974, wherein she devised "such interest I may own" in certain real estate to Albert Peacock, appellant, and Mrs. Sandra Estelle Peacock Morgan, the appellant's sister. The intent of the testatrix, as expressly stated in her will, was that each devisee should own a one-half undivided interest in the devised real estate. Accordingly, the testatrix also expressly stated that, should her belief that Mrs. Morgan already owned such an interest be true, the sole effect of the devise would be to convey her one-half undivided interest to appellant.

On January 16, 1976, however, the testatrix joined Sandra Estelle Owens Morgan in deeding to Thomas and Harris D. Clark the same real estate regarding which the testatrix had previously devised "such interest I may own" under Item IV of her will. This same day, the Clarks executed a deed to secure debt to the testatrix and her co-grantor which secured, by means of the real estate

purchased, the Clarks' purchase money promissory notes totaling $19,000.

Estelle S. Owens died on Jan. 20, 1977, and the executor of her estate has since collected that part of the Clarks' purchase money debt still unpaid at the time of the testatrix' death ($10,497.50). Under the terms of the will, if the monies held by the executor do not pass to the appellant under Item IV, they will pass through Item VIII's residuary clause which directs that all the testatrix' property not specifically devised shall pass to a group of residuary devisees, of which appellant is not a member.

Appellant enumerates as error the trial court's holding that the devise of "such interest I may own" in certain real estate was adeemed by the testatrix' sale of the devised real estate subsequent to the execution of her will. In support of this enumeration, the appellant advances three arguments:

1. Appellant first argues that the devise was not a specific devise and therefore not adeemable. Although it is correct that only a specific devise is vulnerable to the doctrine of ademption, *Woodall v. First Nat. Bank of Columbus,* 223 Ga. 688, 690 (157 SE2d 261) (1967), we disagree with appellant and hold the devise in this case to be specific.

Code Ann. § 113-808 defines a specific legacy as "one which operates on property particularly designated." This definition has been construed to mean a devise which distinguishes the devised property from all other property of the same nature and thereby enables it to be separated from the body of the estate and delivered to the devisee as a thing sui juris. *Killingsworth v. First Nat. Bank of Columbus,* 237 Ga. 544, 547 (228 SE2d 901) (1976).

The devise in the present case reads as follows: "I hereby . . . devise such interest I may own in 50.25 acres, more or less, in Lot of Land Number 136 in the 1st Land District of Wilcox County, Georgia, being known as Tract Number 16 according to a plat of the Reid and McRae Farm Subdivision which plat it recorded in Deed Book DD, pages 354-55, in the Office of the Clerk of the Superior Court of Wilcox County, Georgia . . . [T]his property was conveyed to me by deed from Mrs. Evelyn Peacock Mullis

on December 21, 1967 which deed is recorded in Deed Book 79, page 603, in the Office of the Clerk of the Superior Court of Wilcox County, Georgia." It is readily apparent that Item IV of Estelle S. Owens' will distinguishes the devised property from all other property of the same nature and thereby enables it to be separated from the body of the estate and devised to the devisee as a thing sui juris. See *Henderson v. First Nat. Bank of Rome,* 189 Ga. 175, 176, 181 (5 SE2d 636) (1939).

As further support for our conclusion that Item IV constitutes a specific devise, we note that the will's residuary clause (Item VIII) directs that the residuary devisees shall receive "any other property *not specifically* devised." Appellant's first argument is without merit.

2. The appellant next argues that the testatrix intended the specific devise of "such interest I may own" in certain real estate to pass not only the fee simple title (see Code Ann. § 85-501) to her one-half undivided interest in the real estate, which title she owned at the time of the will's execution, but also the security title (see Code Ann. § 67-1301) which she owned at the time of her death.

Specifically, appellant argues as follows: "Interest" can be used to denote title in real estate, and "may" denotes contingency. Thus, the devising phrase, "such interest I may own," should be interpreted to mean "such *title* I may own *in the future,"* a manifestation of the testatrix' intention at the time of her will's execution to devise to appellant a security title to her property should she own such title at the time of her death.

The intent of the testatrix is to be gleaned from the will as a whole. *Armstrong v. Merts,* 202 Ga. 483, 490 (43 SE2d 512) (1947). Accordingly, we note that the testatrix concluded her Item IV devise by stating first, her "belief" that she owned at the time of her will's execution a one-half undivided "interest" in the devised real estate, and second, that "if this be correct," the effect of the Item IV devise would be to convey her one-half "interest" to Albert Peacock. Due to the quoted language, we conclude that the testatrix' use of "may" and "interest" in the phrase, "such interest I may own," did not reflect the testatrix' concern for the future contingency of

converting her fee simple title into a security title, but rather, reflected the testatrix' uncertainty at the time of her will's execution, as to the exact quantum of real estate to which her present fee simple title was attached.

Thus, we hold that, in devising "such interest I may own," the testatrix intended to devise "such *quantum of property* to which I may *presently hold title*" that is, the one-half undivided interest to which she held fee simple title at the time of executing her will. Appellant's second argument is without merit.

3. Under Code Ann. §§ 113-817 and 113-818, if the will is otherwise silent, a specific devise is adeemed when, after the execution of said will, the testatrix *"conveys"* to another the specific property devised unless one of the following four exceptions applies: reacquisition by the testatrix, failure of the conveyance, receipt of like property in exchange for the devised property, and mere change in the investment of a fund. *Woodall v. First Nat. Bank of Columbus,* supra. Thus, in *Lang v. Vaughn,* 137 Ga. 671 (74 SE 270) (1911), where the testator successfully sold the devised real estate for cash and did not afterwards reacquire it this court held the devise adeemed since the sale constituted a "conveyance" under Code Ann. § 113-817 and was neither an exchange for like property nor a mere change in the investment of a fund. Id. at 676. Accord, *Woodall v. First Nat. Bank of Columbus,* supra, (sale of stock for cash); *Johnson v. Hayes,* 139 Ga. 218, 221 (77 SE 73) (1912) (sale of real estate for promissory note); *Worrill v. Gill,* 46 Ga. 482, 484 (1872).

Appellant contends, however, that, despite the factual congruency which otherwise exists between *Lang* and the present case (a successful sale of devised real estate, not afterwards reacquired by the testatrix), the doctrine of ademption does not presently apply since the testatrix took back, as a part of the same transaction, a security title in the devised property and there was, therefore, no "conveyance" under Code Ann. § 113-817.

The standard for defining a "conveyance" under Code Ann. § 113-817 is whether there has occurred a change in the testatrix' ownership sufficiently radical to manifest, as a matter of law, the testatrix' intention to

revoke the specific devise. We hold that the term, "conveyance," as used in Code Ann. § 113-817, includes a single transaction by which a testatrix sells her fee simple title to real estate in return for a security title to the real estate sold. Accord, *Moncrief v. Shuman,* 169 Ga. 217 (150 SE 98) (1929); cf. *Carr v. Berry,* 116 Ga. 372, 374 (42 SE 726) (1902) (which held that testator's *grant* of a security title in devised real estate did *not* constitute a "conveyance" so as to wholly adeem the devise, since the testator continued to hold a bond for title back to himself and thus, in a very important sense, continued to be the real estate's owner.)

In summation, since the testatrix "conveyed" the devised real estate subsequent to the execution of her will, said will being silent regarding said conveyance, and since none of the four exceptions to the doctrine of ademption are applicable, we hold her Item IV devise of "such interest I may own" in certain real estate totally adeemed, and appellant's contentions are without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 9, 1979 — DECIDED SEPTEMBER 10, 1979.

*Mills & Chasteen, Robert W. Chasteen, Jr.,* for appellant.

*Clayton Jay, Jr., Guy V. Roberts, Jr.* for appellee.