41297, 41298. POWELL et al. v̇. THORSEN et al. (two cases).
(322 SE2d 261)

WELTNER, Justice.
This is a continuation of the litigation reported in *Powell v. Thorsen,* 248 Ga. 697 (285 SE2d 699) (1982).

1. We need not determine whether the first count of the complaint was a claim at law or in equity, as no material facts were in issue as to this count, and the question of James T. Lester's right to the subject funds turned upon questions of law, including construction of a clause of Lura A. Lester's will. *Bell v. Grant,* 244 Ga. 665 (261 SE2d 616) (1979). Appellants accordingly were not entitled to a trial by jury on Count One of the complaint.

2. Item 5 of the will devised to Lester "absolutely and in fee simple, all of my right, title and interest in and to my undivided one-half interest in country place known as Brown Buggy. . . ." Lester owned the other one-half interest. During the lifetime of Mrs. Lester, the Lesters conveyed this real estate to a purchaser in return for a down payment, note and deed to secure debt. There was no reacquisition of title or possession. The trial court held this to be a specific devise,

and that it was adeemed by alienation under OCGA § 53-2-105.

We agree.

A specific devise gives to the devisee "particular . . . property owned by the testator, which is identified and distinguished from all others of the same nature, and which may be segregated from the mass of the testator's other property or estate." *Dubose v. Box,* 246 Ga. 660, 665 (273 SE2d 101) (1980). "The testator fixes upon . . . [a specific devise] a label, by which it may be identified and marked for delivery to the owner. . . ." *Woodall v. First Nat. Bank,* 223 Ga. 688, 691 (157 SE2d 261) (1967). The devise of real estate known as "Brown Buggy" was specific for the additional reason that "all devises of land are specific in the absence of a plain and contrary intent." See *Henderson v. First Nat. Bank of Rome,* 189 Ga. 175, 179 (5 SE2d 636) (1939); *Peacock v. Owens,* 244 Ga. 203 (259 SE2d 458) (1979).

We have recognized the majority rule, that unless the testator by plain language gives the devisee not only the specific real estate but the proceeds of its sale, a specific devise is adeemed when the testator sells the fee simple title in return for a down payment, note and security title. *Peacock v. Owens,* supra; *Moncrief v. Shuman,* 169 Ga. 217 (150 SE 98) (1929), *Lang v. Vaughn,* 137 Ga. 671, 680 (74 SE 270) (1912); 65 ALR 632. The trial court correctly held that the devise was specific and was adeemed by alienation.

3. As executor of the estate, Lester sold to himself, individually, certain furniture which Mrs. Lester had collected during her lifetime. The furniture was assigned an appraised value, which was substantially less than its insurance value, by a longtime friend and commercial tenant of Lester. Although Lester's attorney advised him against the purchase because of his fiduciary capacity, Lester had prepared a note and bill of sale for the property. None of the purchase price was paid at the time of sale. The note accrued no interest until after the Internal Revenue Service accepted the estate tax returns. Additionally, Lester purchased some of Mrs. Lester's jewelry, at substantially less than wholesale value.

The trial court set the purchases aside.

Lester contends that the broad powers given to him as executor to sell assets "with or without advertisement, at public or private sale, as he may deem best, at whatever price he deems sufficient" and to convey title to those assets to "any purchaser or purchasers in as full and ample a manner as I, myself, could do were I still in life," authorized him to sell assets to himself. Although the expression "any purchaser" ordinarily would include *all* purchasers, we decline to interpret it to include a fiduciary — unless the language of the instrument expressly authorizes self-dealing.

Discretionary powers of executors and trustees are not beyond the reach of judicial inquiry. The discretion of an executor or trustee

may be controlled by a court of equity when the executor or trustee has abused his authority or his trust. *C & S Bank v. Orkin*, 223 Ga. 385 (1) (156 SE2d 86) (1967); *Cates v. Cates*, 217 Ga. 626, 632 (124 SE2d 375) (1962). Powers of disposition given by testators will be construed strictly when by exercise of those powers the testamentary scheme of disposition could be altered. *Jenkins v. Shuften*, 206 Ga. 315 (57 SE2d 283) (1950); *Cochran v. Groover*, 156 Ga. 323 (4) (118 SE 865) (1923). Compare *L. L. Minor Co. v. Perkins*, 246 Ga. 6, 12 (4) (268 SE2d 637) (1980).

Because of these principles, the beneficiary need only show that the fiduciary allowed himself to be placed in a position where his personal interests might conflict with the interests of the beneficiary. It is unnecessary to show that the fiduciary actually succumbed to temptation or that the beneficiary was harmed. *Ringer v. Lockhart*, 240 Ga. 82 (239 SE2d 349) (1977); *Clark v. Clark*, 167 Ga. 1 (144 SE 787) (1928); *Lowery v. Idleson*, 117 Ga. 778 (45 SE 51) (1903); *McCullough Co. v. Nat. Bank*, 111 Ga. 132 (36 SE 465) (1900). The executor's sale of the property to himself was not " 'in the ordinary mode and under circumstances to command the best price.' " *Goldin v. Smith*, 207 Ga. 734 (1) (64 SE2d 57) (1951). To the contrary, the sales were private and at very low prices.

But matters of price are wholly immaterial. "It matters not how fair the contract may be; public policy will not uphold it. This principle is iterated and reiterated everywhere in the books." *Mayor of Macon v. Huff*, 60 Ga. 221, 226 (1878).

The trial court correctly set the sales aside.

4. The trial court struck Thorsen's defense which sought to offset against the estate the $50,000 paid by Lester, as executor, to Lester, individually. Thorsen contends that this sum was due to Lester, individually, as a year's support.

Mr. Lester survived Mrs. Lester and qualified as her executor. However, he died prior to the effective date of the amendment to OCGA § 53-5-1 which allows widowers to claim a year's support. The amendment to the laws governing year's support further provides that "application for year's support by a spouse or for the benefit of a spouse must be made and filed during the time that the spouse is widowed and while the spouse is living and not otherwise." OCGA § 53-5-2 (c). Thorsen contends that we should apply the present law rather than the law as it existed on the date of Lester's death. *Osteen v. Osteen*, 244 Ga. 445 (260 SE2d 321) (1979). However, the present law requires that application must be made during the life of the surviving spouse. The trial court correctly struck this defense.

5. The trial court refused to set aside two deeds conveying property to one Bass. The first, from Mrs. Lester to Bass, was delivered to Mrs. Lester's attorney as agent for Bass. The second was executed by

Lester under power of attorney from Mrs. Lester. Bass was not a party to these proceedings. He or his representative was an indispensable party to an action to set aside the deeds. *Maxco, Inc. v. Volpe*, 247 Ga. 212, 215 (4) (274 SE2d 561) (1981); *Czyz v. Czyz*, 240 Ga. 806 (242 SE2d 585) (1978). The trial court properly declined to set these deeds aside.

6. Powell contends that Lester's will acknowledged an indebtedness to Mrs. Lester's estate at the time of his death, that the burden of proof as to whether the indebtedness had been paid should have been placed upon Thorsen; and that a certain devise to Mrs. Lester in Lester's will did not lapse upon her death because it was made in discharge of his indebtedness to her. The clause, which was in Lester's will before his wife's death, and also in his will as re-executed after her death, provides that a devise of certain property was "intended to extinguish any balance that I may owe Mrs. Lester on the original purchase price of said property at the time of my death."

The general rule is that a legacy or devise lapses by death of the legatee or devisee during the lifetime of the testator unless the language of the will expresses a contrary intent, or unless otherwise provided by statute. OCGA § 53-2-103; *Collier v. C & S Nat. Bank*, 206 Ga. 857 (2) (59 SE2d 385) (1950). Contrary to Powell's contentions, the quoted provision of Mr. Lester's will does not show on its face that any balance was owing by Lester to Mrs. Lester on the date of his death so as to invoke the rule (found in other jurisdictions) that a legacy given in discharge of a debt does not lapse because of the death of the beneficiary before that of the testator. 96 CJS 1045, Wills, § 1204 (d); Page on Wills, § 50.5, p. 67. Assuming, without deciding, that parol evidence was admissible to prove whether there was in fact any indebtedness on the date of Lester's death, the trial court committed no error in placing the burden of proving indebtedness upon Powell, the party whose claim such proof would support. As there was no evidence regarding indebtedness, the ruling of the trial court is affirmed.

7. Powell has failed to demonstrate that the trial court abused its discretion in limiting discovery of documents. *Schneider v. Spivey*, 240 Ga. 468 (2) (241 SE2d 224) (1978).

8. The remaining enumerations of error are without merit.
*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 6, 1984 —
REHEARING DENIED NOVEMBER 27, 1984.

*Sprouse, Tucker & Ford, William L. Tucker, Charles J. King*, for appellants.

*Forrest L. Champion, Jr., Joseph L. Waldrep,* for appellees.