### COLLIER *v.* CITIZENS & SOUTHERN NAT. BANK, executor, *et al.*

CANDLER, Justice. Mrs. Georgie C. Comer, a resident of Chatham County, executed a will on September 4, 1945. She died April 13, 1948, and her will was duly probated. Citizens and Southern National Bank and W. Walter Douglas, as executors of her will and as trustees of certain

trust estates created by it, filed an equitable proceeding in Chatham Superior Court for a construction of the will and for direction. Their petition named Mrs. Dorothy C. Collier, widow of William Comer Collier, and several other persons who are residuary legatees under the provisions of Mrs. Comer's will, as defendants. All of the defendants were properly brought before the court. Item Nine of the will, in so far as it is material here, provides: "All the rest and residue of my property of every nature, kind and description, real, personal, mixed, and choses in action, and wherever situated, of which I may die seized and possessed or to which I may be entitled, shall be divided by my executors into nine (9) parts, as near equal as feasible—the equality of the division to be within the sole discretion of my executors. I give, devise, and bequeath said parts as follows: One part to my nephew, William Comer Collier, to be his absolutely and in fee simple. . ." The other eight parts were bequeathed in the same item of her will to other named relatives, who are parties defendant in the instant case. The estate of Mrs. Comer, at the time of her death, consisted of realty and personalty, all of the former being located in Georgia except one parcel of real estate in Charlottesville, Virginia, valued at "about" $18,000. William Comer Collier died before the death of the testatrix. He left no child or children, or descendants thereof; but was survived only by his widow, Mrs. Dorothy C. Collier, who, as his sole heir at law, claims the legacy bequeathed to him by the residuary item of Mrs. Comer's will. The parties stipulated that the facts alleged in the petition were true, and on the hearing no evidence was introduced, except a copy of the will. The trial judge found and held that the legacy bequeathed to William Comer Collier lapsed upon his death prior to that of the testatrix; and that the defendant, Mrs. Collier, as his widow and sole heir at law, was not entitled to take the same under the terms of Mrs. Comer's will. He directed the plaintiffs, after paying certain charges fixed against it, to divide the personal property passing under the residuary item of the will into eight equal parts and pay it over to the eight remaining residuary legatees, and likewise, after paying certain charges assessed against it, to divide the real estate so passing under the residuary clause among all the heirs at law of the testatrix. Mrs. Collier alone excepted to the judgment, and by a direct bill of exceptions brought the case to this court for review. *Held:*

1. There is no merit in the contention here made that the court erred in failing to submit the questions raised in the instant case to a jury for determination. The construction of an unambiguous will is for the court and not for the jury. *Terry* v. *Rodahan,* 79 *Ga.* 278, 285 (5 S. E. 38, 11 Am. St. R. 420); *Butler* v. *Prudden,* 182 *Ga.* 189 (185 S. E. 102); *Watts* v. *Finley,* 187 *Ga.* 629 (1 S. E. 2d, 723); *Armstrong* v. *Merts,* 202 *Ga.* 483 (43 S. E. 2d, 512). There is no ambiguity in the terms of the will presented for construction, and the intention of the testatrix is expressed by it in unmistakable language.

2. It is familiar law that a legacy lapses by the death of the legatee or devisee in the lifetime of the testator, unless there be words of substitution or other provisions in the will, or by statute against a lapse. 69 C. J. 1051, § 2256; *Snellings* v. *Downer,* 193 *Ga.* 340 (18 S. E. 2d,

531). But our Code, § 113-812, declares: "If a legatee shall die before the testator, or if dead when the will is executed, but shall have issue living at the death of the testator, such legacy, if absolute and without remainder or limitation, shall not lapse, but shall vest in the issue in the same proportions as if inherited directly from their deceased ancestor." In the present case, the legacy bequeathed by Mrs. Comer to William Comer Collier, her nephew, was absolute and without remainder or limitation, but he died before the death of the testatrix without leaving a child or children, or descendants thereof. In these circumstances it is too well settled to require argument or further citation of authority that the legacy to him lapsed; and this being true, the court correctly held that his widow, as his heir at law, took no interest in the same.

3. For the reason stated in division two above, the defendant, Mrs. Collier, has no interest in the estate of Mrs. Comer; and since no other party at interest has excepted, a ruling upon the correctness of the judgment respecting direction is not required.

*Judgment affirmed. All the Justices concur.*

No. 17086.   MAY 8, 1950.

*Gazan, Walsh & Bernstein* and *Anderson, Connerat, Dunn & Hunter,* for plaintiff in error.

*Lawton & Cunningham* and *Julian F. Corish,* contra.