21957. BULLOCH et al. v. WORTH.

SUBMITTED FEBRUARY 11, 1963—DECIDED MARCH 11, 1963.

*George C. Kennedy, H. Briscoe Black,* for plaintiffs in error. *W. S. Allen,* contra.

ALMAND, Justice. Mrs. Gene Worth, as propounder, filed her application in the Court of Ordinary of Meriwether County for the probate in solemn form of an alleged will of Miss Minnie Bulloch, deceased. Caveats were filed by Lula Bulloch and

other heirs on the grounds of (a) lack of testamentary capacity and (b) undue influence. Upon a hearing by the ordinary, probate was denied. The propounder filed her appeal to the Superior Court of Meriwether County; the case came on regularly to be tried; a jury was empaneled and testimony was offered for both the propounder and the caveators. The record is silent as to whether the paper purported to be the will was offered or introduced into evidence. The case was submitted to the jury and a verdict was returned in favor of the propounder. The caveators filed a motion for a new trial on the general grounds only, contending that because of the propounder's failure to offer and introduce the will into evidence she failed to make out a prima facie case. The caveators, plaintiffs in error, do not insist on any other of the general grounds.

The question then is: Was it necessary for this propounder, in order to establish her prima facie case in the superior court, to introduce into evidence the paper she was offering for probate?

The question can best be answered by determining what the . propounder in a probate proceeding must prove in order to establish a prima facie case. In a probate proceeding the issue is *devisavit vel non.* See, e.g., *Trustees of the University of Ga. v. Denmark,* 141 Ga. 390 (81 SE 238). The ultimate determination, of "did he devise or not," may carry us in any number of different directions. The caveator may protest on the grounds of forgery, revocation, lack of testamentary capacity or undue influence—to mention only a few. The propounder's prima facie case is established when he proves due and voluntary execution and presence of testamentary capacity. *Hill v. Deal,* 185 Ga. 42 (193 SE 858).

In *Spivey v. Spivey,* 202 Ga. 644, 648 (44 SE2d 224), the court stated: "Upon the trial of an issue arising upon the propounding of a will and a caveat thereto, the burden, in the first instance, is upon the propounder of the alleged will to make out a prima facie case by showing the factum of the will, and that at the time of its execution the testator apparently had sufficient mental capacity to make it, and in making it, acted freely and voluntarily. When this is done the burden of proof shifts to the caveator." The question for decision here is whether or not the

propounder in this case has done this. We think she has. We can see no need for the will to have been introduced into evidence in order for the propounder to establish a prima facie case.

In *Carrie v. Cumming*, 26 Ga. 690, this court said: "The reading of the will to the jury is no evidence of its validity." In that case the caveators had objected to the introduction of the will into evidence. This court, in affirming the overruling of this objection, said: "The objection would certainly have been a good one, if the paper had been admitted in evidence as a *valid* will . . ." no evidence having been offered that the testator had knowledge of its contents. "The want of . . . [such evidence] at the time the paper was offered, was no objection to its being submitted to the jury, as the *subject* to which the whole *evidence was to apply*. Indeed . . . the proper time to have read it was at the opening of the case." 26 Ga. at 697. (Emphasis supplied). If it is generally true that the will is not evidence of its own validity and it may be read to the jury at the opening of the case we can perceive no indispensable evidentiary function for it to discharge in every case.

Our cases are replete with statements that a prima facie case is made out by the propounder when he shows (1) due execution by the testator of the paper as his will, (2) that it was freely and voluntarily executed and (3) that the testator had testamentary capacity. See, e.g., *Hill v. Deal*, supra. These questions generally are determined by extrinsic evidence.

We pass now to a consideration of the realities of the instant case. The alleged will was attached to the petition for probate and by the ordinary transmitted on the appeal to the superior court. The order of the trial judge adjudging the will to be entitled to probate recites "that the will *attached to the petition to probate* be . . . set up as the last will and testament of Miss Minnie Bulloch." (Emphasis supplied.) It is manifest upon a consideration of the record that the will was in court, was examined by plaintiff in error and was sent out with the jury without objection along with the pleadings. Thus there was no danger that any will other than the one propounded might be accepted to probate.

It is readily apparent from the record that throughout the

trial the attesting witnesses were handed the paper to examine. One of them testified: "I signed *this* will at Miss Minnie's request. I signed *this* in the presence of those witnesses." (Emphasis supplied.) Another testified: *"This* is my signature. I did see Miss Minnie Bulloch sign *this."* (Emphasis supplied.) One last extract may serve to illustrate further: "Mr. Willingham, you recall at the time of the instrument or paper there? (Handed to the witness.) (Looking.) Yes sir." (Matter in parentheses part of the record.) The record contains numerous other parenthetical disclosures of this nature.

The charge of the trial judge shows clearly that the will was before the court and jury. This was all without objection from the caveators.

Under these circumstances the failure of the propounder to introduce the will into evidence was not fatal to her prima facie case.

It was not error to overrule the general grounds of the motion for a new trial.

*Judgment affirmed. All the Justices concur.*