## 28138. GRAHAM v. PATTON et al.

Argued September 10, 1973 — Decided November 9, 1973.

*Smalley, Cogburn & Evans, John M. Cogburn, Jr.,* for appellant.
*Beck, Goddard, Owen, Squires & Murray, Samuel A. Murray, J. C. Owen, Jr.,* for appellees.

Grice, Presiding Justice. The controlling issue in this appeal from the construction of a will is whether or not a residuary legacy was created so as to avoid a partial intestacy.

The case arose when Everett F. Patton, as administrator with will annexed of the estate of Lucile C. Patton, filed a complaint in the Superior Court of Pike County seeking construction of Mrs. Patton's will. A copy of the will, which was the joint and mutual will of T. B. Patton and Lucile C. Patton, was attached.

Items Five and Six, which are the portions of the will in controversy, provide as follows:

"Item 5. After the death of the survivor and after the payment of debts of both of us including doctors and nurses bills, burial expenses and markers for our graves, we desire that all our property, both the property individually owned by us and that owned jointly by us which is left after the death of the survivor,

be divided into nine equal shares; one share each to be paid over to D. A. Patton, Hunt Patton, Mrs. S. F. Mathews and Mrs. W. O. Coggin, brothers and sisters of T. B. Patton and one share to be equally divided among the children of Mat Patton, deceased, who are in life at the death of the survivor and one share to be equally divided among the children of Henry Patton, deceased, who are in life at the death of the survivor and one share each to the brothers and sisters of Mrs. Lucile C. Patton, to-wit: Willard Coggin, Mrs. J. W. Chaffin, and Mrs. D. A. Brindle.

"Item 6. If any of the above mentioned brothers and sisters of either of us should precede the survivor in death leaving a child or children, then the share of such deceased brother or sister shall be equally divided among his or her children who are in life at the death of the survivor. If any of our brothers or sisters should precede the survivor in death leaving no child or children then the share of such deceased brother or sister shall be equally divided among our brothers and sisters in life at the death of the survivor. If all the children of Mat Patton and Henry Patton or all the children of either of them should precede the survivor in death then the share provided for the children of such deceased brother or brothers shall be equally divided among our brothers and sisters in life at the death of the survivor."

It was stipulated by counsel that all nine of the brothers and sisters of T. B. Patton and Lucile C. Patton predeceased the survivor, Mrs. Patton.

Two of T. B. Patton's brothers and sisters had children that survived Mrs. Patton, and two of her brothers and sisters had children that survived her. Henry Patton also had children in life at the time of her death.

Thus it was undisputed that each of the five sets of children designated above acquired a one-ninth interest in the estate under the terms of the will. It is the remaining four-ninths that is in contention.

The trial court found that there was a partial intestacy and ruled that four-ninths of the estate passed to the heirs at law of Lucile C. Patton.

Thereupon the appellant Maicile Patton Graham, a surviving child of T. B. Patton's brother Hunt Patton, filed a motion for new trial. Subsequently, the trial court ordered that certain heirs of Lucile C. Patton who were not listed as defendants in the original complaint be added as party defendants to the action, and overruled the motion for new trial.

The appellant enumerates as error upon appeal (1) the denial of her motion for new trial; (2) the finding and declaring of a partial intestacy under the will; (3) the failure to apply Code § 113-813 to the facts of this case; (4) the failure to rule that Items Five and Six of the will constitute a residuary disposition of the joint and mutual estate; and (5) assuming without conceding the finding of partial intestacy to be correct, the ruling that the intestate portion of the estate of Lucile C. Patton passed only to her heirs, to the exclusion of the heirs of T. B. Patton.

1. The essence of the appellant's objection to the final amended order of the trial court, as set forth in enumerations 1, 2, 3 and 4, is the finding of partial intestacy under the will.

In this regard the trial court found in pertinent part as follows: that the brothers and sisters named in the will of T. B. and Lucile C. Patton all predeceased the survivor Lucile C. Patton; that the alternate remaindermen who were to take in the event the named brothers and sisters, or any of them, were deceased on the date of the surviving joint testator, were in each case the child or children of the deceased brother or sister "who are in life at the death of the survivor"; that five of the brothers and sisters who predeceased the survivor Lucile C. Patton left children in life at her death and five-ninths of the property involved here passed to those named children.

After discussing the remainder interests representing the five-ninths of the estate which vested, the trial court further found as follows: "At this point a lapse occurred as to the devise or legacy to D. A. Patton, Mrs. W. O. Coggin, Willard Patton Coggin, and the children of Mat Patton for the following reason: In this case, there were no brothers or sisters or brothers and sisters in life at the death of the survivor, and therefore the devises to D. A. Patton, Mrs. W. O. Coggin, Willard Patton Coggin, and to the children of Mat Patton all lapse because of the death of all of this class of beneficiaries in the lifetime of the testatrix (the survivor, Mrs. Lucile C. Patton), this case not coming under the anti-lapse statute (Code Sec. 113-812) because the legacies and devises are not absolute and are limited. If they had been absolute and not limited, lapse would have been prevented by this statute, even though the beneficiaries are a *class,* since *all* the class pre-deceased the testatrix, as contrasted with the situation where one of a class survives preventing lapse and the intervention of the anti-lapse statute (Code Sec. 113-812); where one of a class survives, the rule of survivorship is applicable. See Cheney v. Selman, 71 Ga. 384 (1);

Code Sec. 113-812; Davie v. Wynn, 80 Ga. 673 [6 SE 183]; Tolbert v. Burns, 82 Ga. 213 [8 SE 79]; Davis v. Sanders, 123 Ga. 177, 180 [51 SE 298], citing Cheney v. Selman, and distinguishing it from the Davis case."

We agree with this construction of the trial court.

While we do not overlook the strong presumption against intestacy, such presumption is but one of many guides utilized in the construction of a will, and it may be overcome "where the intention of the testator to do otherwise is plain and unambiguous, or is necessarily implied . . ." *Armstrong Junior College Comm. v. Livesey,* 189 Ga. 825, 829 (7 SE2d 678, 132 ALR 1063) and cits.

The facts here demanded a finding of intestacy. There was no general residuary clause in the will and under Items Five and Six the only persons in whom the shares of deceased brothers and sisters without living issue at the time of the death of Lucile C. Patton could vest were brothers or sisters surviving her. Since none survived, the conditions for vesting the contingent remainders went unfulfilled, the legacies lapsed, and nothing remained except partial intestacy.

The appellant strongly urges that Code § 113-813 controls the construction of the will here because Item Five is a residuary disposition with the alternate beneficiaries under Item Six standing in place of the legatees named in Item Five; and that these are the last disposing provisions since Item Five directs the payment of debts and expenses and then disposes of "all our property . . . which is left after the death of the survivor."

Thus, it is contended, the intention of the joint testators was clearly not to be intestate, and the lapsed legacies and devises shall fall into the residuum for redistribution among the surviving alternate legatees and devisees.

In *Henderson v. First. Nat. Bank,* 189 Ga. 175, 178 (5 SE2d 636, 128 ALR 816), this court in discussing various types of legacies quoted approvingly from Redfearn, Wills and Administration in Georgia as follows: " 'A general legacy or a devise is one which does not direct the delivery of any particular property; it is not limited to any particular asset, and may be satisfied out of any property of the same general character belonging to the estate of the testator, and not otherwise disposed of in the will . . . A residuary legacy is a general legacy into which fall all the assets of the estate after the satisfaction of all other legacies and the payment of all debts of the estate and all costs of administration.' "

Since the will here provides that before any interest can vest the

named devisee or his children must *be in life* at the time of the death of the surviving testator, it is clear from the above definitions that the language of Items Five and Six did not create an *absolute* residuary legacy into which fall all the remaining assets of the estate. It did, however, create a general legacy to named beneficiaries contingent upon certain conditions which went unfulfilled, thus causing a lapse.

Even assuming that a residual legacy was intended, it cannot be said that it extended beyond the brothers and sisters of T. B. and Lucile C. Patton. Therefore, even if the legacies are deemed residual, they were conditional and lapsed, and the anti-lapse statute (Code § 113-812) cannot be applied because of the unfulfilled condition attached to vesting.

We find no error in the ruling complained of for any reason assigned.

2. Having concluded that a four-ninths interest in the estate lapsed because of failure to meet the conditions required under the joint will for vesting, the trial court correctly ruled under the authority of *Armstrong Junior College Comm. v. Livesey,* 189 Ga. 825, supra, and cases cited therein, that the partial intestacy related to the time of the death of Lucile C. Patton; that "the reversionary interest in fee remaining in the testatrix vested immediately upon her death in those who were then her heirs at law" (p. 830); that whatever interest T. B. Patton had in the four-ninths interests which did not pass under the will passed to Mrs. Patton as sole legatee or his sole heir at law; and that therefore it was her heirs at law who by law took said four-ninths interest.

The appellant cites no authority in support of her argument that the trial court failed to distinguish between individual and joint wills, and that where a partial intestacy results in a joint or mutual will equity requires that the lapsed legacy go to the heirs at law of *both* testators.

This enumeration likewise cannot be sustained.

*Judgment affirmed. All the Justices concur.*