## S01A1316. STRONG et al. v. O'NEAL.
(554 SE2d 152)

CARLEY, Justice.

After the death of Robert Harris (Testator) in 2000, Mary J. O'Neal (Propounder) presented for probate in solemn form a will bearing his purported signature and the date of May 1, 1998. The document provided that 100% of the estate would go to Bessie Harris, Testator's mother, and 100% to Propounder or to the survivor of them. Because Ms. Harris died in 1993, some five years before the date on the instrument, admitting it to probate would result in Propounder taking the entire estate as the only survivor of the two named beneficiaries. See OCGA § 53-4-64 (a); *Collier v. C&S Nat. Bank*, 206 Ga. 857, 858 (2) (59 SE2d 385) (1950). Kesha Strong (Caveator), Testator's daughter, filed a caveat, raising several grounds, including forgery. After conducting a hearing, the probate court entered an order denying the caveat and admitting the will to probate. Caveator appeals pro se from that order.

Caveator makes numerous contentions, all of which relate to the sufficiency of the evidence. A review of the record shows that the two attesting witnesses testified that they knew Testator personally and saw him sign the will. They also testified that, on the day he executed his will, Testator expressed his desire to name Propounder as his beneficiary because she had taken care of his mother. Although Testator's mother had been dead for many years, his testamentary capacity was unchallenged. Thus, the probate court was authorized to conclude, from all of the circumstances, that the document likely was drafted sometime before Ms. Harris' death and remained unexecuted until 1998. Several witnesses testified that the instrument was complete before Testator signed it. Although the document uses "100%" twice, the probate court properly found that Testator must have intended by that language to divide the entirety of his estate equally between the two named beneficiaries. Because one of them predeceased him and his will expressly provided that the survivor would inherit all of the estate, Propounder is the sole beneficiary.

Propounder established a prima facie case by proving "due and voluntary execution and presence of testamentary capacity. [Cit.]" *Bulloch v. Worth*, 218 Ga. 711, 712 (130 SE2d 502) (1963). The probate court was authorized to believe Propounder's witnesses rather than the evidence produced by Caveator, and the denial of the caveat and admission of the will to probate must be affirmed. See *Harvey v. Sullivan*, 272 Ga. 392, 394 (3) (529 SE2d 889) (2000).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 2001 —
RECONSIDERATION DENIED NOVEMBER 5, 2001.

Kesha Strong, *pro se.*
Raphael Kendrick, *pro se.*
*Karla Y. Vogel,* for appellee.