S03A0095. BRIDGES et al. v. TAYLOR.
(579 SE2d 740)

BENHAM, Justice.

Agnes O. Young's will contained five specific bequests and left the residue of her estate to three relatives in fixed percentages. As to the residue, the will provided that "[i]f any of the . . . beneficiaries shall predecease me, then in such event the share of such beneficiary predeceasing me shall lapse and shall augment proportionally the remaining shares." When Young died in 2000, all of the persons named as beneficiaries of the residue had predeceased her. Taylor, administrator of the estate, filed a complaint for construction of the will. In her motion for summary judgment, Taylor contended that the residue of the estate should be distributed according to the law of intestacy because all three of the beneficiaries predeceased Young. Appellants, descendants of the last beneficiary of the residuum to

die, answered the complaint and moved for summary judgment contending the anti-lapse statute, OCGA § 53-4-64 (a),[1] should apply, and since their ancestor outlived the other beneficiaries, they should receive the entire residue of the estate. In granting summary judgment to Taylor, the trial court noted that the residuary bequests were not without limitation and were not absolute gifts, and held that the law of intestacy applied.

Appellants assert that questions of the testatrix's intent remain and that they should be resolved by a jury. However, "[t]he construction of an unambiguous will is for the court and not for the jury. [Cits.] There is no ambiguity in the terms of the will presented for construction, and the intention of the testatrix is expressed by it in unmistakable language." *Collier v. Citizens & Southern Nat. Bank*, 206 Ga. 857, 858 (1) (59 SE2d 385) (1950). The will provides that each of the bequests in question would lapse if the beneficiary predeceased the testatrix, thereby establishing the intent of the testatrix that the residuum beneficiaries survive her in order to take under the will. Appellants also assert that the anti-lapse statute applies to this will, vesting the gift to their ancestor in them. However, under the plain language of the will ("If any of the . . . beneficiaries shall predecease me, then in such event the share of such beneficiary predeceasing me shall lapse and shall augment proportionally the remaining shares."), the vesting of the bequests was conditioned on the beneficiaries surviving the testatrix. Therefore, the bequests were "conditional and lapsed, and the anti-lapse statute [OCGA § 53-4-64] cannot be applied because of the unfulfilled condition attached to vesting." *Graham v. Patton*, 231 Ga. 391, 395 (1) (202 SE2d 58) (1973).

There being no ambiguity in the will requiring resolution by a jury, and the bequest having lapsed because of the failure of the condition that the beneficiaries survive the testatrix, the trial court did not err in granting the administrator's motion for summary judgment.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 2003.

*Whelchel, Whelchel & Carlton, Mickey E. Waller, Zachary &*

---

[1] If a beneficiary is dead when the will is executed or otherwise dies before the testator, but has any descendants living at the death of the testator, the testamentary gift, if absolute and without remainder or limitation, shall not lapse but shall vest in the descendants of the beneficiary in the same proportions as if inherited directly from the deceased beneficiary under the intestacy laws of this state.

■■■■■■■

*Segraves, J. Ed Segraves,* for appellants.
*William C. McCalley,* for appellee.