**SECOND DIVISION**
**MILLER, P. J.,**
**DOYLE, P. J., and REESE, J.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**February 22, 2018**

# In the Court of Appeals of Georgia

A17A1417. RAY v. HADAWAY et al.

MILLER, Presiding Judge.

This appeal involves a dispute over the estate of Jewell Penland ("the decedent"). Appellant Jim Ray—the decedent's son—petitioned the trial court, relevantly, for a constructive trust to be imposed on the proceeds from savings bonds that he alleged rightfully belonged to the decedent's estate, but which had been redeemed by the decedent's grandson, Sam Evans.[1] Sam and the decedent's daughter, Eloise, filed a motion for summary judgment, which the trial court granted. We conclude that genuine issues of material fact remain as to whether Sam owed a

---

[1] Jim's sister, Dorothy Evans, joined Jim in this petition, but she died during the pendency of the litigation and was dismissed as a party. Jim also claimed that his sister, Eloise Hadaway, caused the decedent's estate a loss of $60,000, but the trial court ruled against Jim on this issue, and Jim does not raise error on appeal with regard to that ruling.

fiduciary duty to the decedent and whether he breached that fiduciary duty, resulting in damages to the decedent's estate. Accordingly, we reverse the trial court's grant of summary judgment to Sam and Eloise, and remand the case for further proceedings.

> The party moving for summary judgment has the burden of showing the absence of a genuine issue of any material fact and if the trial court is presented with a choice of inferences to be drawn from the facts all inferences of fact from the proofs proffered at the hearing must be drawn against the movant and in favor of the party opposing the motion. A litigant has a right to a trial where there is the slightest doubt as to the facts. All inferences from the evidence introduced will be interpreted favorably toward making an issue of fact. Thus, to prevail on motion for summary judgment, the movant has the burden to produce evidence which conclusively eliminates all material issues in the case. A de novo standard of review applies to an appeal from a grant of summary judgment.

(Citations omitted.) *Whiten v. Murray*, 267 Ga. App. 417, 417-418 (599 SE2d 346) (2004).

Viewed in the light most favorable to Jim as the non-movant, the record shows that the decedent died testate in 2007 and was survived by three of her four children—Jim, Eloise, and Dorothy. Although the decedent's will is not in the record,

2

it is undisputed that, relevantly, she made specific financial bequests to family members and further provided that the residue of her estate would be distributed among Jim, Eloise, and Dorothy's son, Sam. The parties agree that the decedent excluded Dorothy as a named beneficiary in the will due to her inability to properly manage finances.

The decedent also co-owned different sets of United States Government savings bonds with Jim, Eloise or Sam, all of whom became the sole named owners of the respective bonds after the decedent died. It is undisputed that Sam had the most bonds, followed by Eloise, and Jim had the least. Shortly after the decedent's death in 2007, Sam redeemed all the bonds he had co-owned with the decedent, worth at least $227,000. Eloise filed a petition to admit the decedent's will to probate.[2] The decedent's will was admitted to probate, and Jim, Eloise and Dorothy became co-executors of the estate.

---

[2] Jim and Dorothy filed a caveat to the petition, claiming that the decedent had executed a codicil, which had removed Sam as one of the three beneficiaries of the residue of the estate, and named Dorothy instead. Sam, in turn, challenged the validity of the codicil, contending that the decedent did not execute it voluntarily. At the time the trial court adjudicated this trust action, however, the validity of the codicil had not been determined. The trial court determined that the validity of the codicil did not bear on its analysis.

In 2009, Jim and Dorothy filed the complaint in this case. Relevantly, they claimed that while the decedent was alive, she had instructed Sam to return the bonds that he co-owned with her, so that the decedent would have been the sole owner of these bonds.[3] They further argued that Sam had a fiduciary duty to comply with the decedent's instructions regarding these bonds, and that Sam agreed to do so but then refused. Jim and Dorothy requested a constructive trust in favor of Dorothy's estate, on the bond proceeds that Sam possessed.[4]

While the litigation was pending, Dorothy died intestate, leaving Sam as her sole heir.[5] Sam was also appointed as the administrator of Dorothy's estate. The

[3] Jim claims that *all* bonds and certificates of deposit which the decedent co-owned with various relatives were supposed to have been transferred so that they were in the decedent's name only. In this litigation, however, Jim only pursues a constructive trust over the bond proceeds held by Sam.

[4] Although no issue of standing was raised below, we note that Jim, as a co-executor of the estate, would have been authorized to bring these claims for a constructive trust on behalf of the estate. *Memar v. Styblo*, 293 Ga. App. 528, 528-529 (667 SE2d 388) (2008) ("[A]n estate is not a legal entity which can be a party plaintiff to legal proceedings, and the exclusive right to bring an action on behalf of [the] estate reside[s] in the estate's legal representative, executor, or administrator.") (citation omitted); see also OCGA § 53-2-7 (d).

[5] Before her death, Dorothy executed a contract with Jim, in which she agreed to give Jim any proceeds she received from the trust and probate litigation, in the amount of one half of the funds that Jim had spent on her behalf. She specified that this obligation would survive her death. To the extent that Jim may have a claim

4

appellees—Sam and Eloise—moved for summary judgment in the trial court, arguing that Dorothy's death rendered moot Jim's claims regarding the constructive trust.

Determining that Jim's claims were in fact moot, the trial court granted the summary judgment motion. The trial court ruled that the property in the constructive trust would have been held for Dorothy's benefit, and her death meant that title to those assets passed to Sam as her sole heir. Accordingly, the trial court found that the bond proceeds, even if considered to be property of the constructive trust, "ultimately ended up in the correct hands." This appeal followed.

1. As his first enumeration of error, Jim argues that the trial court erred in ruling that Dorothy's death rendered moot the claims for the imposition of a constructive trust. We agree.

"A case is moot when its resolution would amount to the determination of an abstract question not arising upon existing facts or rights." (Citation, punctuation and emphasis omitted.) *Scarbrough Group v. Worley*, 290 Ga. 234, 236 (719 SE2d 430) (2011). Therefore, mootness arises "when a determination is sought on a matter

against Dorothy's estate, this is not before the Court in this litigation. Although this litigation may affect the assets available to pay any creditors of Dorothy's estate, such claims are irrelevant to the determination of whether the decedent's estate is entitled to a constructive trust.

which, when rendered, cannot have any practical effect on the existing controversy." (Citation omitted.) *Schoen v. Cherokee County*, 242 Ga. App. 501, 502 (2) (530 SE2d 226) (2000).

Although the trial court determined that any constructive trust imposed on the proceeds of Sam's bonds would have been in favor of Dorothy, the complaint is clear that Jim sought a trust in favor of the *decedent's estate*. The request for the imposition of the constructive trust was predicated on the argument that Sam breached a fiduciary duty to the decedent by not returning the bonds to her so that she was the sole owner. Therefore, in the event that a constructive trust were to be imposed on the proceeds of the bonds, the *decedent's estate* would hold the title to that trust—not Dorothy, Dorothy's estate, or Sam as Dorothy's sole heir.[6]

Importantly, too, we cannot assume that the bond proceeds in that constructive trust would have ultimately returned to Sam through Dorothy because the property of an estate is also "liable for the payment of claims against the estate." OCGA

---

[6] The validity of the codicil does not change our analysis. Even if Dorothy were a named beneficiary of the decedent's residuary estate (instead of Sam), the bond proceeds at issue here would first be the property of the decedent's estate, not Dorothy's.

§ 53-7-40; see *Graham v. Patton*, 231 Ga. 391, 394 (1) (202 SE2d 58) (1973) ("A residuary legacy is a general legacy into which fall all the assets of the estate *after* the satisfaction of all other legacies and the payment of all debts of the estate and all costs of administration.") (citation omitted) (emphasis supplied). There is no telling from the record whether any portion of those proceeds would first be used to pay claims against the estate or estate expenses, before distribution to the beneficiaries. Similarly, there was no telling whether the amount of money Sam received upon cashing the bonds would have been the same amount he would have received under the decedent's will if those bonds had been a part of the decedent's residual estate and subject to distribution in accordance with the terms of her will.

Accordingly, Dorothy's death did not render moot the claim for a constructive trust in favor of the decedent's estate, and the trial court erred in granting summary judgment on this basis.

2. Having determined that the claims regarding the bonds were not moot, we now address the appellant's second enumeration of error, in which he contends that a genuine issue of material fact remains regarding Sam's alleged breach of a fiduciary duty resulting from his failure to transfer the bonds into the decedent's name only,

which would have allowed for the imposition of a constructive trust on the proceeds of the bonds. We agree.

"A constructive trust is a trust implied whenever the circumstances are such that the person holding legal title to property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity." OCGA § 53-12-132 (a). The intentional breach of a fiduciary duty may form the basis for the imposition of a constructive trust. *Morrison v. Morrison*, 284 Ga. 112, 113 (1) (663 SE2d 714) (2008). "[A] claim for breach of fiduciary duty requires proof of three elements: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach." (Citation omitted.) *Bienert v. Dickerson*, 276 Ga. App. 621, 623 (2) (624 SE2d 245) (2005). As to the first element,

> [a] fiduciary or confidential relationship arises where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith, such as the relationship between partners, principal and agent, etc. Such relationship may be created by law, contract, or the facts of a particular case. Moreover, since a confidential relationship may be found whenever one party is justified in reposing confidence in another, the existence of this relationship is generally a factual matter for the jury to resolve.

8

(Citations, footnotes, and punctuation omitted.) *Douglas v. Bigley*, 278 Ga. App. 117, 120 (1) (628 SE2d 199) (2006).

Jim contends that Sam had a fiduciary duty to the decedent to comply with the decedent's instructions to return the bonds to her sole ownership, because Sam only held those bonds pursuant to the decedent's request. There is evidence that the bonds that Sam co-owned with the decedent were originally co-owned by the decedent and Dorothy, and the decedent made this change in ownership so that Sam could use the money to take care of Dorothy. The record also contains evidence that the reason Sam held the savings bonds was to shield them from Dorothy's tax liens. Further, the decedent's attorney testified that upon his advice, the decedent decided to have these bonds returned to her so that they would become a part of her estate upon her death, and that Sam agreed to comply with this request. It is undisputed that Sam retained and redeemed the bonds which he had co-owned with the decedent.[7]

---

[7] Although the trial court noted that the proceeds had likely been diminished, summary judgment would not have been proper on this ground.

> Trusts are children of equity. A court of law may entertain them; but when the case is complicated . . . equity will not banish them, and remit the parties to another forum. As against a trustee ex maleficio, the person injured is entitled to recover the property wrongfully obtained or

9

When the evidence is construed in the light most favorable to Jim, there are genuine issues of material fact as to whether Sam owed the decedent a fiduciary duty, whether he breached that duty, and whether he caused damages. See *Cushing v. Cohen*, 323 Ga. App. 497, 508 (5) (746 SE2d 898) (2013); *Levine v. Suntrust Robinson Humphrey*, 321 Ga. App. 268, 281 (7) (a) (740 SE2d 672) (2013) ("[T]he issue of the existence of a fiduciary relationship is a question for the jury unless there is a complete absence of evidence of such a relationship."). Because Jim's request for the imposition of a constructive trust was based on a claim of a breach of a fiduciary duty to the decedent—which was an issue for the jury to decide on the facts present here—the trial court erred in granting the request for summary judgment.[8]

---

> in equity subject it and its income to such a trust; and if the trust property cannot be traced, the fact that an action might have been brought at law for damages or that the plaintiff may in his suit to establish the trust also seek a money judgment for the proceeds of the trust property, will not divest equity of jurisdiction.

(Citation omitted.) *Whiten*, supra, 267 Ga. App. at 423 (3).

[8] Jim filed a motion for judgment on the pleadings in this Court, in which he requests that this Court grant him the relief he seeks due to the appellees' failure to file a responsive brief. We note, however, that the "failure of the appellee to file a brief does nothing to the case except to admit the statement of facts by the appellant, which so far as they are supported by the record, this [C]ourt may accept as being

Accordingly, we reverse the trial court's order and remand the case for further proceedings consistent with this opinion.

*Judgment reversed and case remanded. Doyle, P. J., and Reese, J., concur.*

---

prima facie true." (Citation omitted.) *Montford v. State*, 164 Ga. App. 627, 628 (298 SE2d 319) (1982). Moreover, this Court lacks the authority to grant such a motion.